STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
GONZALO QUEZADA (Bar No. 338386)
    GQuezada@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs and a class of similar
situated employees.

**UNITED STATES SUPERIOR COURT**

**EASTERN DISTRICT OF CALIFORNIA—DISTRICT OF FRESNO**

| | |
|---|---|
| AZUCENA ORTIZ, GUSTAVO MEZA, and DOMINGA ESPINOZA on behalf of themselves, and those similarly situated and the State of California<br><br>    Plaintiffs,<br><br>  vs.<br><br>LUCERO AG SERVICES, INC., a California Corporation, 559 AG CORP., a California Corporation, PARAGROUP FARMS, INC., a California Corporation, RICARDO ULICES LUCERO-AMBROSIO, an individual, ARTEMIO FIDEL SALAZAR LUNA and DOES 1-50<br><br>    DEFENDANTS. | Case No.<br><br>**CLASS ACTION AND PAGA COMPLAINT FOR:**<br><br> 1.  Migrant and Seasonal Agricultural Worker Protection Act (AWPA);<br> 2.  Failure to Pay Nonproductive Time Separate from Piece-Rate;<br> 3.  Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof;<br> 4.  Failure to Pay Minimum Wages;<br> 5.  Failure to Pay Overtime Premium Wages;<br> 6.  Waiting Time Penalties;<br> 7.  Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions;<br> 8.  Violation of Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 et seq.<br> 9.  Penalties Under LC 2698 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1

1.     Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza ("Plaintiffs") bring this action against Defendants Lucero Ag Services, Inc. ("Lucero"), 559 Ag Corp, Paragroup Farms, Inc. ("Paragroup"), Ricardo Ulices Lucero-Ambrosio ("Ricardo"), Artemio Fidel Salazar Luna ("Fidel"), and DOES 1-50 (collectively "Defendants"), individually and on behalf of all other similarly situated individuals employed under common circumstances and facts.  The allegations made in this Complaint are based on the knowledge of Plaintiffs, except those allegations made on information and belief, which are based on the investigation of their counsel.

## I.     NATURE OF THE ACTION

2.     This is a Class Action pursuant to Federal Rule of Civil Procedure 23, and a collective action pursuant to the Migrant and Seasonal Agricultural Workers Protection Act (the "AWPA").  Plaintiffs brings this action on behalf of a class of workers currently or formerly employed by defendants in California.  Plaintiffs seeks to vindicate the rights afforded to workers under the AWPA, California law, including the California labor code and wage orders, and California's unfair competition law ("UCL"), California business & professions code sections 17200 et seq.

3.     This action arises out of the failure of defendants' failure to pay seasonal agricultural workers ("Field Workers") for all the wages owed to them due to failing to pay for rest and recovery periods and other nonproductive time separate from any piece-rate compensation; failing to provide Field Workers with proper meal periods. As a result, Defendants failed to pay non-exempt Field Workers, including Plaintiffs and the class, all wages owed to them upon discharge (including seasonal layoffs) or resignations in conformance with California law.

4.     Defendants have employed Plaintiffs and the class directly and are sued as joint employers, agents and/or alter egos. Defendants are also sued as "persons," pursuant to labor code §§ 558, 558.1, 18, and 2699 et seq., who violated or caused to be violated the labor code and other regulations governing wages, hours and conditions of employment. Liability under

CLASS ACTION AND PAGA COMPLAINT                    Case No.:

labor code §§558, 558.1, 18, and 2699 et seq. does not require that individual defendants be employers.

5.     Plaintiffs further alleges that Defendants Ricardo and Defendant Fidel are a "person acting on behalf of an employer" within the meaning of labor code § 558.1 who violated or caused to be violated California labor code §§ 203, 226, 226.2 226.7, 1194, and 2802, as well as the provisions "regulating minimum wages or hours and days of work" as enumerated in applicable IWC wage order.  As such, Defendant Ricardo and Defendant Fidel are held liable as an employer for such violations sustained by Plaintiffs and the class that occurred after January 1, 2016, pursuant to labor code § 558.1.

6.     Plaintiffs are ignorant of the true names or capacities of the defendants sued herein under the fictitious names of does one through twenty, inclusive, and therefore sues those defendants under such fictitious names. Plaintiffs will amend this complaint to allege the true names or capacities of these defendants once they have been ascertained.

7.     Plaintiffs are informed and believes and thereon alleges that each Defendant is responsible in some manner for the occurrences herein alleged, and that the damages herein alleged were actually and proximately caused by each defendant's conduct.

8.     The core violations Plaintiffs alleges against defendants for themselves, and the class are: (1) failure to provide meal periods or appropriately compensate employees in lieu thereof; (2) failure to pay minimum and premium overtime; (3) failure to pay compensate field workers for rest and recovery period and other nonproductive time separate from any piece-rate compensation; (4) failure to reimburse employees for necessary expenses; (5) unauthorized wage deductions; (6) failure to pay all wages owed upon separation from employment; (7) failure to timely produce employment records upon request; and (8) failure to provide accurate, itemized wage statements. Additional derivative violations are described below.

9.     Defendants have refused to pay the wages due and owed to Plaintiffs and class members under the express provisions of the California labor code, which in turn has resulted in additional labor code violations entitling Plaintiffs and the class to prompt payment of wages and penalties.

10.     Plaintiffs, for themselves and the class, also seek injunctive relief requiring defendants to comply with all applicable California labor laws and regulations in the future and preventing defendants from engaging in and continuing to engage in unlawful and unfair business practices.  Plaintiffs also seeks declaratory relief enumerating defendants' violations so that the defendants and the public will have clarity and guidance with regards to defendants' future employment practices.

## II.     PARTIES

### *Plaintiffs*

11.     Plaintiff Azucena Ortiz ("Ortiz") is a resident of Tulare County, California.  At relevant times herein, she has been employed directly or jointly by Defendants and Does, as an employee on land owned, leased, and/or operated by Does in and around Tulare County, California, and has been employed by Defendants as a non-exempt employee. Plaintiff Ortiz was hired by Defendants to work within the counties covered by Intradistrict Venue in the Fresno Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Ortiz worked for Defendants within the Intradistrict Venue of the Fresno Division of the Eastern District, performing services covered by applicable Wage Order during the Class Period. Plaintiff Ortiz has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint. As a result of Defendants' violations described herein, Plaintiff Ortiz has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

12.     Plaintiff Gustavo Meza ("Meza") is a resident of Tulare County, California.  At relevant times herein, he has been employed by Defendants and Does, as an employee on land owned, leased, and/or operated by Does in and around Tulare County, California, and has been employed by Defendants as a non-exempt employee. Plaintiff Meza was hired by Defendants to work within the counties covered by Intradistrict Venue in the Fresno Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Meza worked for Defendants within the Intradistrict Venue of the Fresno Division of the Eastern District, performing services covered by applicable Wage Order during the Class Period. Plaintiff Meza

CLASS ACTION AND PAGA COMPLAINT                                    *Case No.:*

has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint. As a result of Defendants' violations described herein, Plaintiff Meza has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

13.     Plaintiff Dominga Espinoza ("Espinoza") is a resident of Tulare County, California.  At relevant times herein, he has been employed by Defendants and Does, as an employee on land owned, leased, and/or operated by Does in and around Tulare County, California, and has been employed by Defendants as a non-exempt employee. Plaintiff Espinoza was hired by Defendants to work within the counties covered by Intradistrict Venue in the Fresno Division of the Eastern District pursuant to Local Rule 120(d).  During the relevant time period, Plaintiff Espinoza worked for Defendants within the Intradistrict Venue of the Fresno Division of the Eastern District, performing services covered by applicable IWC Wage Order during the Class Period. Plaintiff Espinoza has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint. As a result of Defendants' violations described herein, Plaintiff Espinoza has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

14.     Plaintiffs and the employees whom Plaintiffs seek to represent were regularly subjected to, or had personal knowledge of, the violations described in this Complaint.

### Defendants

15.     The following allegations as to Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

16.     At all times relevant, Defendant Lucero. is a California Corporation who conducts business in and around the district including Fresno County. On information and belief, Defendant Lucero has hundreds of employees and provides employees in the agricultural industry to Defendant 559 AG Corp, Defendant Paragroup Farms, Inc., and DOES 1 through 50. At the core of Defendant Lucero's violations are: systematic failure to keep accurate time and payroll records; failing to record rest and recovery periods separate from piece rate units and/or failing to accurately calculate compensation for rest and recovery periods; failing to record and

compensate piece rate workers for nonproductive time from piece rate units; requiring, suffering or permitting employees to perform unpaid work off-the-clock; failure to pay minimum wage and premium /overtime wages; refusing to provide proper meal periods or to provide premium wages in lieu thereof, and failing to provide accurate wage statements; and failing pay of all wages owed upon separation from employment.

17. At all times relevant, Defendant 559 AG Corp. is a California Corporation who conducts business in and around the district including Fresno County. On information and belief, Defendant 559 AG Corp. has hundreds of employees and provides employees in the agricultural industry to Defendant Paragroup Farms, Inc., and DOES 1 through 50. At the core of Defendant 559 AG Corp's violations are: systematic failure to keep accurate time and payroll records; failing to record rest and recovery periods separate from piece rate units and/or failing to accurately calculate compensation for rest and recovery periods; failing to record and compensate piece rate workers for nonproductive time from piece rate units; requiring, suffering or permitting employees to perform unpaid work off-the-clock; failure to pay minimum wage and premium /overtime wages; refusing to provide proper meal periods or to provide premium wages in lieu thereof, and failing to provide accurate wage statements; and failing pay of all wages owed upon separation from employment.

18. At all times relevant, Defendant Paragroup owned, controlled, or operated a business or establishment that employed persons within the meaning of the applicable Industrial Welfare Commission Orders and operated as a direct or joint employer of Class members in this case and/or owned, controlled, or operated a business or establishment who contracted with Defendant Lucero and Defendant 559 AG Corp. within the relevant time period to obtain agricultural workers in and around the County of Tulare. Joint and severable liability attaches against Defendant Paragroup for civil responsibility and civil liability as a joint employer and/or client employer of Defendant Lucero and Defendant 559 AG Force for the payment of wages to Plaintiffs under California Labor Code § 2810.3(b)(1).

19. Plaintiffs have complied with the notice requirement of Labor Code § 2810.3(d) which requires that employers be notified of violations of Labor Code § 2810.3(b) by mailing notice via certified mail to Defendant Paragroup on April 12, 2023.

20. At all times relevant, Defendant Ricardo was, on information and belief, the Chief Executive Officer for Defendant Lucero, and was in charge of making major corporate decisions and managing the operations of the corporation during the relevant time period. As such, he was on notice, whether actual or constructive, of all of the violations described above, and failed to prevent or address them. On information and belief, Defendant Ricardo. is an owner, director, officer, or managing agent of Defendant Lucero who controlled and caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies. Defendant Ricardo is therefore liable as a person acting on behalf of Defendant Lucero under California Labor Code § 558.1. Plaintiffs allege that Defendant Ricardo is liable under PAGA and Labor Code §§ 558, 1197.1, 2699(f) and 18 as a "person" who violated or caused to be violated the Labor Code and Wage Orders listed in this complaint, by exercising control over and involvement in the creation and/or implementation of the wage and hour practices and policies that are the subject matter of this complaint.

21. At all times relevant, Defendant Fidel was, on information and belief, the Chief Executive Officer for Defendant 559 AG Corp., and was in charge of making major corporate decisions and managing the operations of the corporation during the relevant time period. As such, he was on notice, whether actual or constructive, of all of the violations described above, and failed to prevent or address them. On information and belief, Defendant Ricardo. is an owner, director, officer, or managing agent of Defendant 559 AG Corp who controlled and caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies. Defendant Ricardo is therefore liable as a person acting on behalf of Defendant 559 AG Corp under California Labor Code § 558.1. Plaintiffs allege that Defendant Ricardo is liable under PAGA and Labor Code §§ 558, 1197.1, 2699(f) and 18 as a "person" who violated or caused to be violated the Labor Code and Wage Orders listed in

this complaint, by exercising control over and involvement in the creation and/or implementation of the wage and hour practices and policies that are the subject matter of this complaint.

22.     Plaintiffs are ignorant of the true names or capacities of the Defendant sued herein under the fictitious names Does 1 through 50. Plaintiffs will amend this complaint to allege the true names or capacities of these Doe Defendants once they have been ascertained and verified.

23.     The acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, and/or integrated enterprise, as the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved of and/or ratified the unlawful acts and omissions by the other Defendant complained of herein.

24.     On information and belief, Plaintiffs further assert that the damages herein alleged were actually and proximately caused by each Defendants conduct.

## III.    JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq.

26.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to the federal law wage and hour claims that they form part of the same case or controversy under Article III of the United States Constitution. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

27.     This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

28.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which at least one of the Defendants and Plaintiffs reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

CLASS ACTION AND PAGA COMPLAINT                              *Case No.:*

**INTRADISTRICT ASSIGNMENT**

29.     This case is properly assigned to the Fresno Division of this Court because the action arose in Fresno County, California.  Local Rule 120(d).

**IV.     FACTUAL ALLEGATIONS**

30.     This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure to vindicate the rights afforded the class by the AWPA, California Labor Code §§ 201, 202, 203, 204, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.2, 226.3, 226.7, 512, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, and Business & Professions Code §§ 17200 et seq. and is brought on behalf of Plaintiffs and a Class comprised of all current and former non-exempt employees of Defendants. The claims of this lawsuit spring from a pattern of Defendants misconduct and wrongdoing that is a characteristic of the labor system utilized by Defendants, where unpaid and improperly paid labor, as alleged herein, is a common business practice, and where the employer externalizes the cost of business expenditures upon Defendants' employees. Defendants' actions in this case demonstrate a systematic disregard for the rights afforded to Plaintiffs and the Class under California wage and hour law. The following paragraphs detail specific violations of law giving rise to this action.

31.     For at least four years prior to the filing of this action and through to the present (liability period for the UCL cause of action), Defendants have maintained and enforced against Plaintiffs and the Class the following unlawful practices and policies in violation of California wage and hour laws, including but not limited to:

a.     failing to accurately calculate pay for rest and recovery periods and failure to record and compensate for other nonproductive time separate from any piece-rate compensation;

b.     failing to document on itemized statements the total hours of compensable rest and recovery periods and nonproductive time, the rate of compensation, and the gross wages paid for those periods and time during the pay period.

-9-

CLASS ACTION AND PAGA COMPLAINT                    *Case No.:*

c.    requiring Class members, including Plaintiffs, to work at least five (5) hours without a timely, thirty-minute, uninterrupted meal period, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California law and policy;

d.    failing to pay minimum and overtime premium wages to Plaintiffs and the Class by providing piece-rate compensation and faling to accurately calculate compensation for rest and recovery periods, and failure to record and compensate for nonproductive time separate from piece rate units;

e.    failing to provide Class members, including Plaintiffs, with accurate itemized wage statements in violation of California law and public policy;

f.    failing to reimburse Class members, including Plaintiffs, for expenses incurred purchasing gloves and harnesses to carry out their job duties, in violation of California law and public policy;

g.    failing to pay to Class members, including Plaintiffs, all wages owed including those for rest and meal periods, rest and recovery time and all piece rate work, as detailed above upon separation from employment – whether voluntary or not – in violation of California law and policy;

h.    failing to create or maintain accurate time-keeping records for Class members, including Plaintiffs, resulting in failure to accurately pay wages owed and provide accurate itemized wage statements, in violation of California law and public policy; and

i.    engaging in unfair competition in violation of the UCL, Bus. & Prof. §§17200 et seq., as a result of failing to pay wages owed and generate and maintain accurate records as described above.

32.    At all times relevant, Defendants paid Plaintiffs and other similarly situated employees by "piece rate." In a piece-rate system, rest periods must be compensated separately and that a "piece-rate compensation formula that does not compensate separately for rest periods

CLASS ACTION AND PAGA COMPLAINT          *Case No.:*

does not comply with California minimum wage law." (Bluford v. Safeway Stores, Inc. (2013) 216 Cal.App.4th 864, 871.)

33. Defendants failed to compensate for all "hours worked" within the meaning of the applicable IWC Wage Order and failed to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, failing to accurately calculate compensation for rest and recovery periods, failing to record and compensate non-productive time separate from piece-rate units, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, failure to pay rest and recovery periods and nonproductive time for piece-rate workers, and other activities. By its conduct, Defendants makes clear that they are intentionally and maliciously subverting California minimum wage requirements and federal and California overtime wage requirements, resulting in loss of property to Plaintiffs and the Class as a result of Defendants' payroll policies.

34. Under the timekeeping and record-keeping policies, Defendants willfully provided inaccurate itemized wage statements that do not reflect all "hours worked" and wages earned. Further, Defendants also failed to accurately calculate compensation for rest and recovery periods, and failed to record other nonproductive time separate from any piece-rate compensation in violation of Labor Code 226.2. As such, Defendants failed to maintain accurate time-keeping record and wage statements.

35. Under the meal period policies, Defendants failed to provide employees: (a) at least one (1) meal period prior to the fifth hour and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete and/or untimely meal periods.

36. California Labor Code § 224 prohibits an employer from taking deductions from an employee's wages without the employee's express written consent or other legal authority for doing so.

37. At all times relevant, Defendants deducted wages from Plaintiffs' paychecks without their express written consent or other legal authority for doing so. Plaintiff is informed and believes, at all relevant times, Defendants also deducted wages from the paychecks of all similarly situated employees without their express written consent or other legal authority for doing so.

38. Defendants failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and failure to pay premium meal period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

39. Plaintiffs allege that Defendants (including some Does), and each of them, are employers with respect to any Plaintiffs or similarly situated employees and/or are liable for the payment of wages to Plaintiffs under California Labor Code § 2810.3.

40. On information and belief, Defendants were on notice of the improprieties alleged and/or has intentionally, deliberately, and willfully carried out these unlawful and unfair business practices.

41. Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Plaintiffs and the Class during all relevant times herein, because Defendants did not fully implement and preserve a record-keeping method to accurately record all hours worked and wages earned by its employees, or manipulated such record-keeping method for Defendants' advantage, in violation of California Labor Code §§226 and 1174(d), and applicable IWC Wage Order.

42. Plaintiffs alleges that Defendants are liable to them and the Class for the violations described herein as employers and/or "persons" who violated the Labor Code and IWC regulations or caused such violations. Labor Code §§558 & 2698 et seq.

43. Defendants has failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and by failing to accurately report total hours worked by Plaintiffs and the members of the proposed class. Plaintiffs and Class Members are

therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

44.     Plaintiffs bring this action on behalf of themselves and all others similarly situated workers as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in litigation and the proposed class is easily ascertainable.   Plaintiffs seek to represent the following Class, composed of, and defined, as follows:

> All non-exempt workers who are or have been employed by Defendants in the State of California at any time within four (4) years prior to the filing of the original complaint in this action and the final disposition of this action.

45.     On information and belief, the legal and factual issues are common to and affected all Class Members. Plaintiffs may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

## A. <u>NUMEROSITY</u>

46.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed over two-hundred employees in the State of California and who are, or have been, affected by Defendants' unlawful practices as alleged herein and may have employed several hundred such employees over the class period.

47.     Upon information and belief, Plaintiffs allege that Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

## B. <u>COMMONALITY</u>

48.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a. Whether Defendants violated §§ 17200 et seq. of the Business and Professions Code by the violation of California labor laws;

b. Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

c. Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other Class Members at hourly wage rates below (1) the minimum wage rate and (2) double minimum wage rate;

d. Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other Class Members at rates below the required overtime rate;

e. Whether Defendants violated the California Labor Code and Wage Orders by failing to provide lawful meal periods or discouraging Plaintiffs and Class Members from taking them, and failing to pay premium wages in lieu thereof, in violation of California law;

f. Whether Defendants violated the California Labor Code and Wage Orders by failing to pay Plaintiffs and other Class Members for rest and recovery period and other nonproductive time separate from any piece-rate compensation;.

g. Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other Class Members' earned wages, work periods, hours worked and wages earned;

h. Whether Defendants violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any Class Members, including Plaintiffs, ended;

CLASS ACTION AND PAGA COMPLAINT                    Case No.:

i.    Whether Defendants violated the California Labor Code and Wage Orders by failing to, indemnify Plaintiffs and other Class Members for all necessary business expenditures, including glove expenses; and

j.    Whether Plaintiffs and other Class Members are entitled to restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code §§17200 et seq.

### C. TYPICALITY

49.    The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arise out of, and were caused by, Defendants' common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged herein.

### D. ADEQUACY OF REPRESENTATION

50.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

### E. SUPERIORITY OF CLASS ACTION

51.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of and denying Class Members meal periods without legal compensation.

52.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual class members have any interest in individually controlling separate

actions in this case. Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were this class action not certified.

53.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## V.     CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT (AWPA)**
29 U.S.C.A. § 1801 et seq.
(AGAINST ALL DEFENDANTS)

54.     Plaintiffs re-allege and incorporates the allegations of the above paragraphs as if fully stated herein.

55.     Defendants intentionally violated Plaintiffs' and the Class' rights under AWPA by:

a.   providing false and misleading information regarding the terms and conditions of employment of Plaintiffs, in violation of 29 U.S.C. § 1831(e);

b.   violating the terms of the working arrangement made with Plaintiffs in California, in violation of 29 U.S.C. § 1832(c); these working arrangements are contained in the IWC Wage Orders which are required to be and, actually are posted and communicated by Defendants to Plaintiffs as required by the IWC Wage Orders;

c.   failing to pay wages when due for unpaid regular and overtime hours worked, for missed or non-compliant meal periods in violation of 29 U.S.C. § 1832(a).

d.  failing to provide workers with accurate itemized written statements which include the correct number of hours worked; the correct total pay period earnings; and the correct net pay, in violation of 29 U.S.C. § 1831(c).

56.  Plaintiffs allege that Defendants communicated the terms of employment with the Class by posting IWC Wage Orders on the job site which enumerated specific obligations of the employer with regard to working conditions required by state law, and in particular with regard to: the payment of minimum wages; payment of overtime premium wages; recording keeping requirements; provision of meal periods; and application of penalties. The Defendants also communicated a regular and overtime wage rate to employees in a variety of ways. This regular and overtime wage rate was not complied with due to the underpayments described in this complaint. These terms constituted the communicated working arrangement with these employees, which was systemically violated.

57.  For each violation of AWPA, each Class Member is entitled to recover his or her actual damages or up to $500 per violation in statutory damages. 29 U.S.C. § 1854.

58.  Wherefore, Plaintiffs and the Class request relief as described herein and below.

**SECOND CLAIM FOR RELIEF**
**FAILURE TO RECORD AND COMPENSATE NONPRODUCTIVE TIME SEPARATE**
**FROM ANY PIECE- RATE COMPENSATION**
CALIFORNIA LABOR CODE §§226.2
(AGAINST ALL DEFENDANTS)

59.  Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

60.  Plaintiffs and, on information and belief, the Class were compensated on a piece-rate basis during all pay periods.

61.  Plaintiffs and, on information and belief, the Class were not compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

62.  Defendants failed to include on itemized statements, the total hours of compensable rest and recovery periods, the rate of compensation, and gross wages paid for those periods during the pay period.

63. Defendants failed to include on itemized statements, the total hours of other nonproductive time, the rate of compensation, and gross wages paid for that time during the pay period.

64. Defendants failed to compensate Plaintiffs and on information and belief, the Class, for rest and recovery periods at a regular hourly rate no less than the higher of an average hourly rate, or the applicable minimum wage.

65. California Labor Code §226.7 states

(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

(1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

(2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:

(A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

(B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period.

(3)(A) Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of:

(i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.

(ii) The applicable minimum wage.

66. By failing to keep adequate time records required by §§226.2 of the Labor Code, Defendants have injured Plaintiffs and the Class and made it difficult to calculate rest and recovery and nonproductive time compensation due to Plaintiffs and the Class.

67. As a result of the unlawful acts of Defendants Plaintiffs and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such

-18-

amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§203, 226, 226.7, 512, 1194, and applicable IWC Wage Order.

68.     Under California Labor Code 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil lability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Paragroup Farms, Inc., is liable for the violations herein alleged, regardless of the extent to which Defendant Lucero and/or Defendant 559 AG Corp. may have created such violations.

69.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Artemio Fidel Salazar Luna and Ricardo Ulices Lucero-Ambrosio are liable for the violations herein alleged.

70.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

### THIRD CLAIM FOR RELIEF

**FAILURE TO PROVIDE PROPER MEAL PERIODS
OR COMPENSATION IN LIEU THEREOF**
CALIFORNIA LABOR CODE §§226.7, 512 AND IWC APPLICABLE IWC WAGE ORDER
(AGAINST ALL DEFENDANTS)

71.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

72.     Plaintiffs and, on information and belief, the Class were not afforded timely meal periods as required by California law, since they were routinely required to work five hours or more without a timely, thirty minute, uninterrupted meal period, and they were not compensated for missed meal periods.

73.     California Labor Code §226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

CLASS ACTION AND PAGA COMPLAINT                    *Case No.:*

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

74.    The applicable wage order issued by the Industrial Welfare Commission is applicable IWC Wage Order, which states with regards to meal periods:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

75.    A similar provision is contained at California Labor Code §512. In this case, there was no mutual waiver of meal period and employees worked for periods of more than five hours without an off-duty meal period of at least 30 minutes. As noted above, Defendants violated California law by failing to provide timely meal periods mandated by Labor Code §226.7 and applicable IWC Wage Order. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

76.    As noted above, Defendants violated California law by failing to provide meal periods mandated by Labor Code §226.7 and applicable IWC Wage Order, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided and one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided.

77.    Plaintiffs and the Class did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs and the Class was not willfully obtained or

voluntarily agreed to, but rather was a condition of employment or part of an unlawful contract of adhesion.

78.     By failing to keep adequate time records required by §§226 and 1174(d) of the Labor Code, Defendants have injured Plaintiffs and the Class and made it difficult to calculate the unpaid meal period compensation due to Plaintiffs and the Class.

79.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§203, 226, 226.7, 512, 1194, and applicable IWC Wage Order.

80.     Under California Labor Code 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil lability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Paragroup Farms, Inc., is liable for the violations herein alleged, regardless of the extent to which Defendant Lucero and/or Defendant 559 AG Corp. may have created such violations.

81.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Artemio Fidel Salazar Luna and Ricardo Ulices Lucero-Ambrosio are liable for the violations herein alleged.

82.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGES
LABOR CODE §§1194, 1194.2, 1197(A) & IWC APPLICABLE IWC WAGE ORDER
**(Against All Defendants)**

83.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

84.     California Labor Code §1197, which is entitled "Pay of Less Than Minimum Wage," states:

CLASS ACTION AND PAGA COMPLAINT                    *Case No.:*

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

85. Defendants have failed to pay minimum wages for all hours worked. In particular, Defendants failed to record and compensate piecework workers nonproductive time separate from piece rate units and failed to accurately calculate compensation for rest and recovery periods. Plaintiffs and the Class are consequently not paid for all their piece-rate and all hours worked. These practices, among others, have resulted in Defendants not paying the minimum wage for all hours worked. This violation of California minimum wage law was substantial and a main feature of Defendants' employment practices.

86. The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

87. As such, Plaintiffs and the Class may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

88. As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

89. California Labor Code § 1194.2 provides that:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

90. As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§1197, 1194(a), 1194.2 and applicable IWC Wage Order. Therefore, Plaintiffs and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

91. Under California Labor Code 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil liability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Paragroup Farms, Inc., is liable for the violations herein alleged, regardless of the extent to which Defendant Lucero and/or Defendant 559 AG Corp. may have created such violations.

92. Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Artemio Fidel Salazar Luna and Ricardo Ulices Lucero-Ambrosio are liable for the violations herein alleged.

93. Wherefore, Plaintiffs and the Class request relief as described herein and below.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO PAY PREMIUM OVERTIME WAGES**
LABOR CODE §§510, 1194, 1194.2 & IWC APPLICABLE IWC WAGE ORDER
(AGAINST ALL DEFENDANTS)

94. Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

95. Labor Code §510(a) establishes the eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one day or forty (40) hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay. The identical provision is found in applicable IWC Wage Order, which is authorized under California Labor Code §1185.

96. Labor Code §§857-863 phase in overtime provisions under Labor Code §510(a) to agricultural workers.

97. As described herein, Defendants violated California Labor Code §510 by employing Plaintiffs and the Class in excess of eight (8) hours in one day and forty (40) hours in a workweek without paying the required overtime rate. In particular, due to the piece-rate compensation system used by Defendants and without a timekeeping system, Plaintiffs and the

Class were routinely working hours in excess of eight (8) hours per day without receiving overtime compensation.

98.     Plaintiffs and the Class may enforce these provisions pursuant to Labor Code §1194(a) and Business and Professions Code §§17200 et seq.

99.     California Labor Code §1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

100.    As a result, Plaintiffs and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of suit.

101.    Under California Labor Code 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil liability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Paragroup Farms, Inc., is liable for the violations herein alleged, regardless of the extent to which Defendant Lucero and/or Defendant 559 AG Corp. may have created such violations.

102.    Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Artemio Fidel Salazar Luna and Ricardo Ulices Lucero-Ambrosio are liable for the violations herein alleged.

103.    Wherefore, Plaintiffs and the Class request relief as described herein and below.

**SIXTH CLAIM FOR RELIEF**
**WAITING TIME PENALTY**
CALIFORNIA LABOR CODE §§ 201, 202 & 203
(AGAINST ALL DEFENDANTS)

CLASS ACTION AND PAGA COMPLAINT                    *Case No.:*

104. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

105. California Labor Code §§201 and 202 provide for immediate payment of all wages owed at termination of employment.

106. As described above, Defendants failed to pay minimum, overtime, meal period wages, rest and recovery period and other nonproductive time separate from any piece-rate compensation; and failed to reimburse Plaintiffs and the Class for necessary expenses incurred in purchasing gloves. Consequently, unpaid wages and monies have accumulated as a result of this practice and Defendants' have failed to liquidate these unpaid wages upon separation from employment, whether through voluntary resignation or involuntary termination, in violation of California law.

107. Defendants have violated California Labor Code §§201 and/or 202 by failing to pay Plaintiffs and a substantial portion of the Class all the wages owed to them, because when Plaintiffs and a substantial portion of the Class left their employment with Defendants, Defendants did not pay them the wages owed for pay rest and recovery period and other nonproductive time separate from any piece-rate compensation, missed meal periods or for unreimbursed expenses. This failure to pay wages owed was willful and, as such, Defendants are liable for penalties under §203 of the Labor Code.

108. California Labor Code §203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

109. Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental. As a result, Plaintiffs and the Class are entitled to 30 days' wages.

"30 days wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

110. In calculating 30 days' wages pursuant to California Labor Code §203, Plaintiffs and the Class are entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided meal periods.

111. More than 30 working days have passed since Plaintiffs and many members of the Class have left Defendants' employment, and despite this, they have not received payment pursuant to Labor Code §203. As a consequence of Defendants' willful conduct in not paying all wages, Plaintiffs and the Class are entitled to 30 days' wages as a penalty under Labor Code §203.

112. Under California Labor Code 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil liability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Paragroup Farms, Inc., is liable for the violations herein alleged, regardless of the extent to which Defendant Lucero and/or Defendant 559 AG Corp. may have created such violations.

113. Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Artemio Fidel Salazar Luna and Ricardo Ulices Lucero-Ambrosio are liable for the violations herein alleged.

114. Wherefore, Plaintiffs and the Class seek the relief as described herein and below.

### SEVENTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
LABOR CODE §§226, 226.2 & IWC ORDER
(AGAINST ALL DEFENDANTS)

115. Plaintiffs' corporates all preceding paragraphs as though fully set forth herein.

116. California Labor Code Section 226(a) states:

CLASS ACTION AND PAGA COMPLAINT                    *Case No.:*

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

117. Defendants have failed to provide Plaintiffs and, on information and belief, Class members accurate itemized wage statements that include the gross wages earned, total hours worked, piece rates if any, rest and recovery period and other nonproductive time separate from any piece-rate compensation, all deductions, net wages earned, pay period dates, name of employee, name address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period, as mandated by Labor Code §226 and applicable IWC Wage Order, because such statements understate wages by failing to include those wages owed for unprovided rest and meal periods and reimbursements of expenses.

118. Defendants have in turn violated California Labor Code §226(a), inaccurately stating gross and net wages and other issues as described above.

119. Defendants have also violated California Labor Code §226.2(a)(2) and (b) by separately stating the total hours of compensable rest and recovery periods, the rate of compensation and the gross wages paid for those periods during the pay period and the total hours of other nonproductive time , the rate of compensation and the gross wages paid for that time during the pay period.

120. By knowingly and intentionally failing to provide Plaintiffs and Class members itemized wage statements in conformance with Labor Code §226, Defendants have also violated Labor Code §226.6, which is a misdemeanor punishable by fine and/or prison.

121. California Labor Code §226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

122. Defendants have the ability to pay all wages due and have the ability to provide Plaintiffs and the Class accurate wage statements mandated by Labor Code §226. But Defendants have willfully refused to pay and accurately state wages, intending to secure instead a discount upon their indebtedness to Plaintiffs and the Class, and intending to annoy harass, oppress, hinder delay or defraud Plaintiffs and the Class, in violation of California Labor Code §226.6.

123. Defendants' violation of §226 also constitutes a predicate violation of California Business & Profession Code §§17200 et seq.

124. Under California Labor Code 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil lability for the payment of wages for all workers supplied by that labor contractor. Therefore, Defendant Paragroup Farms, Inc., is liable for the

violations herein alleged, regardless of the extent to which Defendant Lucero and/or Defendant 559 AG Corp. may have created such violations.

125. Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Artemio Fidel Salazar Luna and Ricardo Ulices Lucero-Ambrosio are liable for the violations herein alleged.

126. Wherefore, Plaintiffs and the Class request relief as described herein and below.

<u>**EIGHTH CLAIM FOR RELIEF**</u>

**VIOLATION OF UNFAIR COMPETITION LAW**
CALIFORNIA BUSINESS & PROESSIONS CODE §§ 17200 *ET SEQ.*
(AGAINST ALL DEFENDANTS)

127. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

128. On information and belief, and at all times relevant, Plaintiffs allege that Defendants, by and through their policies and practices, engaged in unlawful activity prohibited by Business and Professions Code §§17200 et seq., including the following:

    a. requiring Class members, including Plaintiffs, to work at least five (5) hours without a timely, thirty (30) minute, uninterrupted meal period, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California law and policy;

    b. failure to pay minimum and overtime wages by forcing Plaintiffs and the Class to work "off the clock";

    c. failure to accurately calculate pay rest and recovery period and failure to record and compensate for other nonproductive time separate from any piece-rate compensation;

d.  failure to provide Class members, including Plaintiffs, with accurate itemized wage statements in violation of California law and public policy;

e.  Failure to pay Class members all wages owed at the time of termination of employment in violation of California law and public policy;

f.  failure to reimburse Class members, including Plaintiffs, for expenses incurred in carrying out their job duties, including the purchase of gloves, in violation of California law and public policy;

g.  failure to pay to Class members, including Plaintiffs, all minimum and overtime wages owed, including those for meal periods and reimbursements, as detailed above upon separation from employment – whether voluntary or not – in violation of California law and policy;

h.  failure to create or maintain accurate time-keeping records for Class members, including Plaintiffs, resulting in failure to accurately pay wages owed and provide accurate itemized wage statements, in violation of California law and public policy.

129.  Defendants' actions as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code §§17200 et seq.  Plaintiffs and, on information and belief, the Class he seeks to represent have suffered injury in fact and have lost money or property as a result of such unfair competition.

130.  Plaintiffs and the Class are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

131.  As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs and the Class. Defendants should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to Plaintiffs and Class members the wrongfully withheld wages, pursuant to Business and Professions Code §17203 and the penalties provision of §17202.

132. Plaintiffs are informed and believes, and thereon alleges, that Defendants have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. Plaintiffs are further informed and believes and thereon alleges that Plaintiffs and Class members are prejudiced by Defendants' unfair trade practices.

133. As a direct and proximate result of Defendants' unfair business practices, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and the Class as a result of the business acts and practices described herein, and enjoinment of Defendants to cease and desist from engaging in the practices described herein.

134. As a direct and proximate result of Defendants' unfair business practices, Plaintiffs and all Class members are entitled, in accordance with Business and Professions Code §17202, to enforcement of penalties resulting from the business acts and practices described herein, and entitled to enjoinment of Defendants to cease and desist from engaging in the practices described herein.

135. On information and belief, the unlawful conduct alleged herein is continuing, and there is no indication that Defendants will cease such activity into the future. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue their practice of failing provide meal periods or compensation in lieu thereof, and failing to reimburse employees for necessary expenses.

136. Wherefore, Plaintiffs and the Class request relief as described herein and below and as deemed just and proper by this Court.

## **NINTH CLAIM FOR RELIEF**

**PENALTIES AND WAGES FOR VIOLATIONS PURSUANT TO LABOR CODE §§ 2698 ET SEQ., 558 AND 558.1**
**(PLAINTIFFS AGAINST ALL DEFENDANTS)**

137. Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

CLASS ACTION AND PAGA COMPLAINT                    *Case No.:*

138.     Plaintiffs bring this representative claim for himself, the State of California and all other current and former employees of Defendants as a non-class claim, as expressly authorized by the statute.

139.     This PAGA cause of action is brought against Defendants pursuant to provisions of the labor code including § 558, which imposes liability on "persons" (defined by Labor Code § 18 as "… any person, association, organization, partnership, business trust, limited liability company, or corporation.") who violate the Labor Code or IWC regulations or cause these to be violated, and which provides for recovery of wages in addition to penalties. Section 558.1 is similar.

140.     Plaintiffs have complied with the PAGA's administrative requirements. Specifically, in the manner prescribed in Labor Code § 2699.3, Plaintiff gave notice to Defendants and the Labor & Workforce Development Agency ("LWDA") of the Labor Code provisions that Defendants are alleged to have violated, as well as the facts and theories surrounding those allegations. Plaintiffs did not received notice from the LWDA that it would not investigate the allegations, entitling Plaintiffs bring a PAGA cause of action, or the LWDA failed to respond within the time allotted by statute.

141.     Plaintiffs are aggrieved employees within the meaning of Labor Code § 2699(a). He brings this cause on behalf of himself, the State of California and other aggrieved employees – i.e., current or former employees affected by the Labor Code violations alleged in this complaint.

142.     Pursuant to Labor Code § 2699(a), PLAINTIFF seeks civil penalties as provided under applicable Labor Code sections for violations alleged herein.

143.     To the extent that any violation of statute or regulation alleged herein does not carry a penalty, Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f), which provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two

hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

144. The penalties sought by Plaintiffs are to be distributed as mandated in Labor Code § 2699(i) – 75% to the State and the remaining to workers.

145. Defendants are liable to Plaintiffs the State and other current or former employees as a result of the violations alleged in this Complaint. Plaintiffs is also entitled to an award of attorneys' fees and costs for bringing this claim as set forth below.

146. Plaintiffs' PAGA claim does not require Class Certification because both the language of the PAGA and the express intent of the Legislature indicate that an aggrieved employee may act in place of the State and bring a representative action on behalf of the State and other employees without having to certify a class. Labor Code § 2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law…" The wording of the PAGA, which authorizes an aggrieved employee to bring an action "on behalf of himself or herself and other current or former employees… [,]" is similar to the former wording of Business and Professions Code § 17204, which authorized a person or organization to act "for the interests of itself, its members or the general public . . . ." The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as Private Attorney General to collect penalties from employers and persons who violate labor laws. Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct. Restitution is not the primary object of a PAGA action, as its purpose is not recovering damages, but civil penalties. And the PAGA does not preclude an employee from pursuing any other claim he may have available under law.

147. As such, Plaintiffs individually holds a substantive right to stand in the shoes of the State of California and bring this PAGA claim for the State and other current or former employees.

148. Under California Labor Code 2810.3, a client employer shall share with a labor contractor all civil legal responsibility and civil liability for the payment of wages for all workers

CLASS ACTION AND PAGA COMPLAINT                    *Case No.:*

supplied by that labor contractor. Therefore, Defendant Paragroup Farms, Inc., is liable for the violations herein alleged, regardless of the extent to which Defendant Lucero and/or Defendant 559 AG Corp. may have created such violations.

149.    Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Artemio Fidel Salazar Luna and Ricardo Ulices Lucero-Ambrosio are liable for the violations herein alleged.

150.    Wherefore, Plaintiffs request penalties pursuant to the PAGA as described herein and any other relief this Court deems proper.

## PRAYER FOR RELIEF

151.    Wherefore, Plaintiffs pray for judgment for Plaintiffs and the Class as follows:

    a.    That the Court determine that this action may be maintained as a class action or actions;

    b.    For compensatory damages including wages in an amount according to proof with interest thereon;

    c.    For economic and/or special damages in an amount according to proof with interest thereon;

    d.    For a declaratory judgment that each of the Defendants violated the Plaintiffs' and Class Members' rights under AWPA, 29 U.S.C. § 1801 et seq., the California Labor Code, and applicable IWC Wage Orders as set forth in the preceding paragraphs;

    e.    Award Plaintiffs and proposed Class Members statutory damages or, in the alternative, actual damages for Defendants' violations of AWPA;

CLASS ACTION AND PAGA COMPLAINT                    *Case No.:*

f. That each of the Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 et seq.;

g. That each of the Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

h. That each of the Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

i. For declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the Federal AWPA;

j. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

k. For premium wages pursuant to Labor Code §§ 226, 226.7 and 510;

l. For unpaid wages pursuant to California Labor Code § 1194 and liquidated damages pursuant to Labor Code §1194.2;

m. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2802, 2699(a) and 2699(f) relating to all facts alleged in the complaint;

n. An award to Plaintiffs and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of

Civil Procedure § 1021.5, Labor Code §§218.5, 218.6, 226, 1194, 2699(g), and/or other applicable law; and

o. For the greater of actual or statutory damages of $500 for each Plaintiffs and Class Member pursuant to AWPA;

p. For costs of suit and attorneys' fees pursuant to AWPA;

q. For actual, incidental, and consequential damages for breach of contract;

r. For such other and further relief as the Court deems just and proper.

s. Injunctive relief; and

t. Interest pursuant to California Labor Code §218.6.

u. For such other and further relief as the court deems just and proper pursuant to the procedures detailed in labor code §§ 2698 et seq.

v. For all provisions of the labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

w. For all provisions of the labor code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by statute.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand trial of their claims and of the Class by jury to the extent authorized by law.

Respectfully submitted,

Dated: September 5, 2023                    **MALLISON & MARTINEZ**

By: _____

Stan Mallison
Hector Martinez
Gonzalo Quezada
Attorneys for Plaintiffs