UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA ORTIZ, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LUCERO AG SERVICES, INC., et al.,<br><br>　　　　　　Defendants. | Case No.   1:23-cv-01319-JLT-EPG<br><br>ORDER PERMITTING SUPPLEMENTAL BRIEFING RE: MOTION FOR ORDER TO SHOW CAUSE<br><br>(ECF No. 29) |

### I.  INTRODUCTION

Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza filed this putative class action on September 5, 2023, mostly alleging violations of California state labor laws. (ECF No. 1). The complaint names five Defendants: (1) Lucero Ag Services, Inc.; (2) Paragroup Farms, Inc.; (3) Ricardo Ulices Lucero-Ambrosio; (4) 559 Ag Corp., and (5) Artemio Fidel Salazar Luna.

Defendants Lucero Ag Services, Inc., Paragroup Farms, Inc., and Ricardo Ulices Lucero-Ambrosio have answered the complaint (ECF Nos. 15, 17). However, Defendants 559 Ag. Corp. and Defendant Artemio Fidel Salazar Luna (referred to collectively as Defendants unless otherwise noted) failed to respond to the complaint after purportedly being served, and Plaintiffs obtained a clerk's entry of default against them on February 9, 2024, under Federal Rule of Civil Procedure 55(a). (ECF No. 20).

Plaintiffs filed a motion on April 22, 2024, requesting (1) this Court issue an order for

1

Defendants to show cause why they should not be held in contempt for failing to respond to subpoenas; (2) the Court to compel Defendants to produce the documents requested in the subpoenas; and (3) the Court to award $1,345.00 in attorney fees and costs for the preparation of the motion.

Upon review of the motion, the Court will allow Plaintiffs to file supplemental briefing in support of their motion addressing the issues discussed below.

## II.     ANALYSIS

### A.  Request for order to show cause and order to compel document production

According to the complaint, Defendant 559 Ag. Corp. is a California corporation that provides employees in the agricultural industry and Defendant Artemio Fidel Salazar Luna is the chief executive officer of the company and is also described as "an owner, director, officer, or managing agent of Defendant 559 AG Corp." (ECF No. 1, p. 7). Plaintiffs state that, on March 8, 2024, they served subpoenas—one on 559 Ag Corp. and one on Artemio Fidel Salazar Luna—requesting the production of documents concerning (1) payroll; (2) timekeeping; (3) employee files; (4) and wage statements. However, Defendants have failed to file any response, including to Plaintiffs' attempts to meet and confer about Defendants' lack of response to the subpoenas. Plaintiffs make the following request:

> Based on 559 AG CORP, INC. and ARTEMIO FIDEL SALAZAR LUNA'S contempt of the subpoena and the circumstances outlined here, the Court should order 559 AG CORP, INC. and ARTEMIO FIDEL SALAZAR LUNA to show cause why they should not be held in contempt for failure to produce documents pursuant to the subpoenas. The Court should also order 559 AG CORP, INC. and ARTEMIO FIDEL SALAZAR LUNA to produce documents requested . . . .

(ECF No. 29-1, p. 3).

Before considering contempt proceedings and ordering Defendants to produce the requested documents, the Court must establish that Defendants were properly served with the subpoenas.

The Court finds the following standards for service of a subpoena applicable here:

> Fed. R. Civ. P. 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" "The majority rule is that Rule 45 requires personal service." *RP Golden State Mgmt., LLC v. Ohio Sec. Ins. Co.*, No. 1:19-cv-00600-DAD-JLT, 2020 WL 4748324, at *5 (E.D. Cal. Aug. 17, 2020) (collecting cases). "However, a growing but still minority trend among courts has been to allow

substitute service of a Rule 45 subpoena via alternative methods, such as mail delivery pursuant to a court order." *Id.* (collecting cases). "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015). Even where such earlier diligence is shown, a court will not grant alternative service unless the method is "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikura*, 2015 WL 5782351, at *5. *See also Chambers v. Whirlpool Corp.*, No. SA CV 11-1733-FMO (JCGx), 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016).

*Bryson v. W. Coast Life Ins. Co.*, No. 1:23-CV-00193-JLT-SKO, 2024 WL 689541, at *2 (E.D. Cal. Feb. 20, 2024).

Here, Plaintiffs attached the proofs of service for each subpoena. (ECF No. 29-5, p. 3; ECF No. 29-6, p. 3). Notably, the proofs of service for 559 Ag Corp. and on Artemio Fidel Salazar Luna are nearly identical. Both were served by the same process server on March 8, 2024, and the box for personal service is not checked. Rather, for 559 Ag Corp., the process server checked a box stating: "I served the subpoena to Dulce Luna, who is designated by law to accept service of process on behalf of 559 AG CORP on 3/8/2024." (ECF No. 29-5, p. 3). Likewise, for Artemio Fidel Salazar Lun, the process server checked a box stating: "I served the subpoena to Dulce Luna, who is designated by law to accept service of process on behalf of ARTEMIO FIDEL SALAZAR LUNA on 3/8/2024."

In order to evaluate service, the Court requires information on Dulce Luna, including whether the person is legally authorized to accept service or otherwise "designated by law to accept service of process . . . ."

Additionally, the proof of service does not state how Dulca Luna was served, other than to indicate it was not personal service.

Accordingly, Plaintiffs shall file a response explaining how service was proper, including the identity of Dulce Luna and how the documents were served on Luna, as well as any argument or legal authority that such service was proper.

### B.  Request for attorney fees

Plaintiffs' motion additionally requests $1,345.00 in attorney fees for the time spent drafting and filing their motion. As grounds, Plaintiffs cite Federal Rule of Civil Procedure

45(d)(1), which provides as follows:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1).

This Rule appears inapplicable here. It refers to avoiding undue burden on the person subject to a subpoena—not for the person serving the subpoena. Here, Plaintiffs have not been subpoenaed; rather, they are issuing the subpoenas.

Moreover, the Court finds it noteworthy that "[t]he only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45[]." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (citing former iteration of contempt rule at Rule 45(f)). Rule 45(g) provides as follows: "The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.") Fed. R. Civ. P. 45(g). However, the Ninth Circuit has noted that this Rule "does not independently provide for the award of attorneys' fees as a sanction." *Beverly v. Interior Elec. Inc. Nevada*, No. 21-55645, 2023 WL 355692, at *2 (9th Cir. Jan. 23, 2023).

Additionally, Plaintiffs' motion does not include support for why the fees requested are reasonable.

Accordingly, the Court requests supplemental authority, if any, regarding Plaintiffs' requests for attorney fees to enforce the subpoena.

**III.     ORDER**

For the reasons discussed above, IT IS ORDERED as follows:

1. By no later than May 28, 2024, Plaintiffs are permitted to file a supplemental brief providing additional support for their motion and addressing the issues identified in this order. (ECF No. 29). Alternatively, if after reviewing this order Plaintiffs conclude that they need to take further steps before seeking their requested relief, they may file a notice by no later than May 28, 2024, withdrawing their motion or withdrawing any requested

4

relief in the motion.

2. If Plaintiffs decline to file a supplemental brief by May 28, 2024, the Court will address the motion on the current briefing. (ECF No. 29).

IT IS SO ORDERED.

Dated:   **May 7, 2024**                                /s/ Erica P. Grosjean
                                                                                UNITED STATES MAGISTRATE JUDGE