UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA ORTIZ, et al., | Case No. 1:23-cv-01319-JLT-EPG |
| Plaintiffs, | ORDER GRANTING, IN PART, MOTION FOR A SHOW CAUSE ORDER AND FOR MISCELLANEOUS RELIEF |
| v. | |
| LUCERO AG SERVICES, INC., et al., | (ECF Nos. 29, 33) |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza filed this putative class action on September 5, 2023, mostly alleging violations of California state labor laws. (ECF No. 1). The complaint names five Defendants: (1) Lucero Ag Services, Inc.; (2) Paragroup Farms, Inc.; (3) Ricardo Ulices Lucero-Ambrosio; (4) 559 Ag Corp., and (5) Artemio Fidel Salazar Luna.

Defendants Lucero Ag Services, Inc., Paragroup Farms, Inc., and Ricardo Ulices Lucero-Ambrosio have answered the complaint (ECF Nos. 15, 17). However, Defendants 559 Ag. Corp. and Defendant Artemio Fidel Salazar Luna (referred to collectively as Defendants unless otherwise noted) failed to respond to the complaint after purportedly being served, and Plaintiffs obtained a clerk's entry of default against them on February 9, 2024, under Federal Rule of Civil Procedure 55(a). (ECF No. 20).

Plaintiffs filed a motion on April 22, 2024, requesting that (1) this Court issue an order for Defendants to show cause why they should not be held in contempt for failing to respond to

1

subpoenas; (2) the Court to compel Defendants to produce the documents requested in the subpoenas; and (3) the Court award $1,345.00 in attorney fees and costs for the preparation of the motion.

On May 7, 2024, the Court issued an order permitting Plaintiffs to supplement their motion to address two issues: (1) whether Defendants were properly served with the subpoenas; and (2) to provide legal and factual support for the attorney fees request. (ECF No. 31).

On May 28, 2024, Plaintiffs filed their supplemental brief, which they supported with the declaration of the process server who served the subpoenas as well as their counsel's (Attorney Caroline Hill) declaration. Upon review of the motion, the Court will grant it in part. Specifically, the Court will issue an order for Defendants to show cause why they should not be held in contempt for failing to comply with the subpoenas. However, the Court will deny the requests to compel compliance with the subpoenas and for attorney fees without prejudice.

## II.   ANALYSIS

### A. Request for order to show cause and order to compel document production

According to the complaint, Defendant 559 Ag. Corp. is a California corporation that provides employees in the agricultural industry and Defendant Artemio Fidel Salazar Luna is the chief executive officer of the company and is also described as "an owner, director, officer, or managing agent of Defendant 559 AG Corp." (ECF No. 1, p. 7). Plaintiffs state that, on March 8, 2024, they served subpoenas—one on 559 Ag Corp. and one on Artemio Fidel Salazar Luna—requesting the production of documents concerning (1) payroll; (2) timekeeping; (3) employee files; (4) and wage statements. However, Defendants have failed to file any response, including to Plaintiffs' attempts to meet and confer about Defendants' lack of response to the subpoenas. Plaintiffs make the following request:

> Based on 559 AG CORP, INC. and ARTEMIO FIDEL SALAZAR LUNA'S contempt of the subpoena and the circumstances outlined here, the Court should order 559 AG CORP, INC. and ARTEMIO FIDEL SALAZAR LUNA to show cause why they should not be held in contempt for failure to produce documents pursuant to the subpoenas. The Court should also order 559 AG CORP, INC. and ARTEMIO FIDEL SALAZAR LUNA to produce documents requested . . . .

(ECF No. 29-1, p. 3).

The Court first considers whether Defendants were properly served with the subpoenas.

Fed. R. Civ. P. 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" "The majority rule is that Rule 45 requires personal service." *RP Golden State Mgmt., LLC v. Ohio Sec. Ins. Co.*, No. 1:19-cv-00600-DAD-JLT, 2020 WL 4748324, at *5 (E.D. Cal. Aug. 17, 2020) (collecting cases). "However, a growing but still minority trend among courts has been to allow substitute service of a Rule 45 subpoena via alternative methods, such as mail delivery pursuant to a court order." *Id.* (collecting cases). "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015). Even where such earlier diligence is shown, a court will not grant alternative service unless the method is "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikura*, 2015 WL 5782351, at *5. *See also Chambers v. Whirlpool Corp.*, No. SA CV 11-1733-FMO (JCGx), 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016).

*Bryson v. W. Coast Life Ins. Co.*, No. 1:23-CV-00193-JLT-SKO, 2024 WL 689541, at *2 (E.D. Cal. Feb. 20, 2024).

Here, Plaintiffs attached the proofs of service for each subpoena. (ECF No. 29-5, p. 3; ECF No. 29-6, p. 3). Notably, the proofs of service for 559 Ag Corp. and on Artemio Fidel Salazar Luna are nearly identical. Both were served by the same process server on March 8, 2024, and the box for personal service is not checked. Rather, for 559 Ag Corp., the process server checked a box stating: "I served the subpoena to Dulce Luna, who is designated by law to accept service of process on behalf of 559 AG CORP on 3/8/2024." (ECF No. 29-5, p. 3). Likewise, for Artemio Fidel Salazar Lun, the process server checked a box stating: "I served the subpoena to Dulce Luna, who is designated by law to accept service of process on behalf of ARTEMIO FIDEL SALAZAR LUNA on 3/8/2024."

In their supplemental brief, which includes the declaration of a process server, Plaintiffs provide additional information about service.

Defendants 559 Ag Corp. and Artemio Fidel Salazar Luna ("Defendant Luna") were properly served the subpoenas in question on or about 8:05am on March 8, 2024 at 12570 Road 35, Madera, CA 93636. *See* Declaration of Process Server Albert Moles ("Moles Decl.") ¶¶ 5-7. 12570 Road 35, Madera, CA 93636 is the address listed on the State of California's business portal as the principal address and mailing address for Defendant 559 Ag Corp. *See* Declaration of Caroline Hill ("Hill Decl."), ¶ 2. Defendant Artemio Fidel Salazar Luna is listed as the agent for Defendant 559 Ag Corp. at the same address. Hill Decl., ¶ 2.

Upon arrival and knocking on the door, the process server asked if Defendant

3

> Luna was home. Moles Decl., ¶ 6. The woman who answered the door identified herself as Dulce Luna and the daughter of Defendant Luna. Moles Decl., ¶ 6. Dulce Luna then made a phone call in the presence of the process server to Defendant Luna. Moles Decl., ¶ 6. Over the phone, Dulce Luna inquired as to whether she could accept service on behalf of Defendant Luna and Defendant 559 Ag Corp. Moles Decl., ¶ 6. Dulce Luna then told the process server that she was authorized to accept the documents on behalf of Defendant Luna and Defendant 559 Ag Corp. Moles Decl., ¶ 6. The process server thus handed the subpoenas to Dulce Luna. Moles Decl., ¶ 7.
>
> This was not the process server's first attempt to serve Defendants. See Moles Decl., ¶¶ 3-4. On March 1, 2024 at 3:07 pm, March 4, 2024 at 8:24 am, March 5, 2025 at 8:12 pm, and March 7, 2024 at 7:14 am, the process server attempted to personally serve Defendants to no avail. Moles Decl., ¶¶ 3-4. During several of these attempts, the process server could see lights on inside the business. Moles Decl., ¶¶ 3-4.

(ECF No. 33, pp. 2-3).

Upon consideration of this information, the Court concludes that Plaintiffs have sufficiently demonstrated service of the subpoenas on Defendants. Notably, Plaintiffs tried to serve Defendants on four prior attempts but were unsuccessful despite the attempts being during what are typically normal business hours and there being lights on at the premises. These circumstances indicate that Defendants may be evading service. Further, service was conducted at the address for Defendant 559 Ag Corp. according to the State of California's business portal. Additionally, a person who identified themselves as Defendant Luna's daughter was served with the papers after talking to Defendant Luna on the phone and representing that she was authorized to accept the documents on behalf of Defendants.

Having concluded that the subpoenas were properly served, the Court turns to Plaintiffs' request for the Court to issue an order to show cause why Defendants should not be held in contempt for their failure to respond to the subpoenas. The Court will approve this request.

"Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 WL 5732805, at *2 (E.D. Cal. Sept. 29, 2015). And under Federal Rule of Civil Procedure 45(g) this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

However, before a court may hold a person in contempt, they have "the right to be heard

in a meaningful fashion." *Morgutia-Johnson v. City of Fresno*, No. 1:14-CV-00127-LJO, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015). This is the purpose of the order to show cause that Plaintiffs request, which will give Defendants an opportunity to explain to the Court why they should not be held in contempt for failing to respond to the subpoenas.

> There are two types of contempt charges:
>
> A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir.1983). Criminal contempt is deemed punitive as it is designed to punish the affront to the court. *See Gompers v. Bucks*, 221 U.S. 418, 441 (1911). It may include fines payable to the court and it also may include jail time.
>
> Civil contempt, on the other hand, is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp.*, 702 F.2d at 778. The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992). A civil contempt order must include a "purge" condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa*, 235 F.2d 692, 699 (9th Cir.1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir.1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV–08–00519, 2009 WL 605789, at *3 (C.D.Cal. Mar. 9, 2009).

*Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 WL 5732805, at *2-3 (E.D. Cal. Sept. 29, 2015).

To establish civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Stone*, 968 F.2d at 856 n. 9 (internal citations omitted).

With these standards in mind, Plaintiffs have established that Defendants have violated a specific and definite order—the subpoenas issued to them—by failing to respond to the requests for documents in the subpoenas. Accordingly, the Court will grant the request for an order to show cause and set a hearing where Defendants shall explain why they should not be held in

5

contempt for failing to comply with the subpoenas.

The Court next considers Plaintiffs' request for the Court to compel Defendants to produce the documents requested in the subpoenas. However, a "'motion to compel,' which is the remedy under the Federal Rules of Civil Procedure to compel a party's compliance with a discovery request, is not the applicable procedure to address [a non-party's] alleged refusal to obey a duly-issued subpoena." *Ceremello v. City of Dixon*, No. S-04-1423 DFL-EFB, 2006 WL 2989002, at *2 (E.D. Cal. Oct. 18, 2006); *see Morgutia-Johnson*, 2015 WL 1021123, at *2 ("As Ms. Cole is a nonparty, the applicable procedure for seeking compliance with the deposition subpoena is an order to show cause re contempt.").

Although Defendants 559 Ag. Corp. and Defendant Artemio Fidel Salazar Luna were sued as Defendants in this case, they have defaulted. For purposes of a discovery-related motion, while the Ninth Circuit has noted that "[t]he rules do not indicate into which category a defaulted defendant falls" it has reasoned "that a defaulted defendant should be treated as a non-party." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010). Because Defendants are treated as non-parties for discovery purposes, the Court will deny the request to compel without prejudice. However, as noted above, an eventual contempt order may contain "a purge condition" that directs Defendants to comply with the subpoenas before they are sanctioned. Plaintiffs may request such a purge condition in connection with any contempt order.

### B. Request for attorney fees

Plaintiffs' motion additionally requests $1,345.00 in attorney fees. This is based on Attorney Caroline Hill's 2.5 hours drafting the motion at a requested hourly rate of $538. (ECF No. 29-2, p. 3). In their motion, Plaintiffs cite Federal Rule of Civil Procedure 45(d)(1), which provides as follows:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1).

In its order permitting a supplement, the Court noted that this Rule appeared inapplicable because it refers to avoiding undue burden on the person subject to a subpoena—not for the

6

person serving the subpoena. (ECF No. 31, p. 4). Additionally, the Court noted that Plaintiffs failed to include support for why the requested fees are reasonable. (*Id.*).

In their supplement, Plaintiffs do not mention Rule 45(d)(1), leading the Court to believe that they no longer intend to rely on this provision. Rather, Plaintiffs note that Rule 45(g) provides for contempt sanctions against a party who fails to obey a subpoena. (ECF No. 33, p. 3); Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). And they argue that "[w]hen awarding contempt sanctions, an award of attorneys' fees is a possible sanction." (ECF No. 33, p. 3).

In support, Plaintiffs cite *Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, at \*5 (D. Nev. May 22, 2015), although they acknowledge in a parenthetical that this case found "reasonable costs and attorneys' fees [was] an appropriate sanction *pursuant to Fed. R. Civ. Proc. § 30(d).*" (ECF No. 33, p. 6) (emphasis added). In *Clockwork IP*, a party failed to comply with different subpoenas—one to produce documents and another to appear for a deposition. *Id.* The court ultimately concluded that "an award of reasonable costs and attorney's fees [was] an appropriate sanction pursuant to Rule 30(d) of the Federal Rules of Civil Procedure." *Id.* But importantly, Rule 30(d) concerns interference with depositions and provides that a "court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Here, there was no deposition, no deponent, and no person who interfered with a deposition. Thus, Rule 30(d) is inapplicable to sanction a non-party for failure to comply with a subpoena. *Beverly v. Interior Elec. Inc. Nevada*, No. 21-55645, 2023 WL 355692, at \*1 (9th Cir. Jan. 23, 2023) ("Because Rule 45 provides the only basis to sanction non-parties for failing to comply with a subpoena duces tecum, the district court erred by relying on Rule 37(b)(2)(C) to order the non-parties to pay Interior's attorney's fees.").

Additionally, the Court notes that Rule 45 "provides that the court may hold a non-party in contempt for failure to obey a subpoena or a subpoena-related order, Fed. R. Civ. P. 45(g), but

7

it does not independently provide for the award of attorneys' fees as a sanction." *Id.* at *2.[1]

Moreover, such sanctions are only available under Rule 45 after a contempt finding and notice and an opportunity to be heard. *See In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) ("Of course, before such sanctions can be awarded, the requesting party must first file a motion for contempt, and the subpoenaed party must be found to be in contempt, which did not occur here.").[2] Here, this has not yet happened.[3]

**ORDER**

For the reasons discussed above, IT IS ORDERED as follows:

1. Plaintiffs' motion for a show cause order and for miscellaneous relief (ECF No. 29) is granted, in part, as specified below.

2. Plaintiff's request for an order to show cause is granted.

    a. Defendants 559 Ag. Corp.[4] and Defendant Artemio Fidel Salazar Luna are ordered to appear before the undersigned on July 31, 2024, at 10:00 a.m. in Courtroom 10, 6th Floor, United States District Court, 2500 Tulare Street, Fresno, California, 93721 to show cause why they should not be held in contempt for their failure to

---

[1] The Court is not stating that attorney fees can never be awarded as a contempt sanction. Rather, it simply notes that Rule 45(g) itself does not plainly provide for attorney fees and that Plaintiffs have presented no developed argument as to why such fees are legally warranted here as a contempt sanction. However, as explained below, the Court will deny the motion without prejudice to Plaintiffs filing a new motion after a contempt finding.

[2] Plaintiffs recognize that authority requires a finding of contempt before imposing sanctions. (*See* ECF No. 33, p. 6 – "A court may impose such sanctions after a finding of contempt, after providing the non-party with notice and an opportunity to be heard. *See Beverly v. Interior Electric Incorporated Nevada*, 2023 WL 355692, at *2 (9th Cir. 2023) (reversing attorneys' fees awarded as a sanction when no finding of contempt was made))." To the extent that Plaintiffs ask the Court to defer on the request for attorney fees until after a contempt finding, the Court declines to do so.

[3] It is worth noting that Plaintiffs rely on the lodestar method for determining reasonable attorney fees, which requires a reasonable number of hours expended on the motion to be multiplied by the reasonable hourly rate in the relevant community. (ECF No. 33, p. 6); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (discussing the lodestar method). Despite acknowledging that the reasonably hourly rate must be in the relevant community—here the Fresno District—Plaintiffs provide argument citing almost entirely state court cases and asserting that "the rates submitted by Plaintiffs' Counsel are based on the reasonable rates *in the Bay Area community*." (ECF No. 33, p. 8) (emphasis added); *see Beard v. Cnty. of Stanislaus*, No. 1:21-CV-00841-ADA-SAB, 2023 WL 199200, at *12 (E.D. Cal. Jan. 17, 2023) ("The lodestar amount is to be determined based upon the prevailing market rate in the relevant community, which in this matter is the Fresno Division of the Eastern District of California.") (internal citation omitted). If Plaintiffs request attorneys fees in the future, they should ensure their requested rates comport with the rates in this community.

[4] Defendant 559 Ag. Corp shall appear through an appropriate representative of the company.

comply with the subpoenas issued by Plaintiffs.

    b. Failure to comply with this order to show cause may subject these Defendants to contempt sanctions, including monetary sanctions.

    c. Plaintiff are directed to effect service of this order on Defendants by no later than July 15, 2024, and to file proof of service of this order by no later than July 22, 2024.

3. Plaintiffs' request for the Court to compel compliance with the subpoenas is denied without prejudice.

4. Plaintiffs' request for attorney fees is denied without prejudice.

IT IS SO ORDERED.

Dated: **June 17, 2024**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE