UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA ORTIZ, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>LUCERO AG SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 1:23-cv-01319-JLT-EPG<br><br>ORDER FOR DEFENDANTS TO APPEAR BEFORE THE ASSIGNED DISTRICT JUDGE TO SHOW CAUSE WHY THEY SHOULD NOT BE ADJUDGED IN CONTEMPT<br><br>CERTIFICATION OF FACTS REGARDING CONTEMPT<br><br>FINDING AND RECOMMENDATIONS TO AWARD ATTORNEY FEES AND PROVIDE DEFENDANTS OPPORTUNITY TO PURGE CONTEMPT<br><br>(ECF Nos. 29, 33, 46)<br><br><u>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS</u> |

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' motion (as twice supplemented) asking the Court to order Defendants 559 Ag. Corp. and Defendant Artemio Fidel Salazar Luna (referred to collectively as Defendants unless otherwise noted) to show cause why they should not be held in contempt of court for failing to comply with subpoenas Plaintiffs issued to them. (ECF Nos. 29, 33, 46). Plaintiffs' motion also asks the Court to award them $1,345 in attorney fees for the time spent drafting the motion.

1

For the reasons given below the Court will order Defendants to appear before the assigned district judge to show cause why they should not be adjudged in civil contempt, certify the facts constituting a civil contempt, and recommend that Plaintiffs' motion be granted, in part.

Specifically, the Court will recommend that (1) Plaintiffs be awarded $500 in attorney fees; and (2) Defendants be ordered to produce the documents required by the subpoenas as a "purge" condition.

## II.    BACKGROUND

Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza filed this putative class action on September 5, 2023, mostly alleging violations of California state labor laws. (ECF No. 1). They amended their complaint on August 14, 2024. (ECF No. 45). Plaintiffs sue five named Defendants: (1) Lucero Ag Services, Inc.; (2) Paragroup Farms, Inc.; (3) Ricardo Ulices Lucero-Ambrosio; (4) 559 Ag Corp., and (5) Artemio Fidel Salazar Luna.

Defendants Lucero Ag Services, Inc., Paragroup Farms, Inc., and Ricardo Ulices Lucero-Ambrosio have appeared through counsel. (ECF Nos. 15, 17, 47). However, Defendants 559 Ag. Corp. and Defendant Artemio Fidel Salazar Luna (*i.e.*, the Defendants at issue here) failed to respond to the complaint after purportedly being served, and Plaintiffs obtained a clerk's entry of default against them on February 9, 2024, under Federal Rule of Civil Procedure 55(a). (ECF No. 20).

Plaintiffs filed their instant motion on April 22, 2024. (ECF No. 29). On May 7, 2024, the Court issued an order permitting Plaintiffs to supplement their motion to address two issues: (1) service on Defendants; and (2) support for the attorney fees request. (ECF No. 31). On May 28, 2024, Plaintiffs filed their supplemental brief. (ECF No. 33).

On June 17, 2024, the Court issued an order for Defendants to show cause why they should not be held in contempt for failing to comply with the subpoenas, setting a hearing for July 31, 2024, at 10 a.m. (ECF No. 38). At the hearing, Plaintiffs' counsel appeared but neither Defendant appeared. (ECF No. 41). Following the hearing, the Court permitted Plaintiffs to file another supplement addressing the contempt sanctions they requested as well as any "purge condition." (ECF No. 42). Plaintiffs filed their second supplement on August 14, 2024. (ECF No. 46). Accordingly, Plaintiffs' motion is ripe for consideration.

2

### III.  LEGAL STANDARDS

#### A.  Contempt

"Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 WL 5732805, at *2 (E.D. Cal. Sept. 29, 2015). And under Federal Rule of Civil Procedure 45(g) this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."[1] Fed. R. Civ. P. 45(g). However, before a court may hold a person in contempt, they have "the right to be heard in a meaningful fashion." *Morgutia-Johnson v. City of Fresno*, No. 1:14-CV-00127-LJO, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015).

There are two types of contempt charges:

> A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir.1983). Criminal contempt is deemed punitive as it is designed to punish the affront to the court. *See Gompers v. Bucks*, 221 U.S. 418, 441 (1911). It may include fines payable to the court and it also may include jail time.
>
> Civil contempt, on the other hand, is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp.*, 702 F.2d at 778. The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992). A civil contempt order must include a "purge" condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa*, 235 F.2d 692, 699 (9th Cir.1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir.1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probabl[e] effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV–08–00519, 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009).

*Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 WL 5732805, at *2-3 (E.D. Cal. Sept. 29,

---

[1] As noted above, 559 Ag. Corp. and Defendant Artemio Fidel Salazar Luna have defaulted in this case. For purposes of a discovery-related motion, while the Ninth Circuit has noted that "[t]he rules do not indicate into which category a defaulted defendant falls" it has reasoned "that a defaulted defendant should be treated as a non-party." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010).

3

2015).

To establish civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Stone*, 968 F.2d at 856 n. 9 (internal citations omitted).

### B. Certification Process

Absent exceptions not applicable here, where a party seeks civil contempt, the Court is required to follow the procedure of 28 U.S.C. § 636(e)(6):

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6); *see Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (noting that "28 U.S.C. § 636, which governs the jurisdiction and powers of magistrates, requires a magistrate to refer contempt charges to a district court judge").

"In certifying the facts under Section 636(e), the magistrate judges's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt." *Michelson v. Found. Fin., Inc.*, No. 13MC1204-CAB, 2014 WL 7366793, at *1 (S.D. Cal. Dec. 23, 2014); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 20-CV-01712-LAB-JLB, 2021 WL 2633592, at *2 (S.D. Cal. June 25, 2021) (noting that magistrate judges are to provide "a specific certification of all facts supporting any recommendation that a particular individual be held in contempt").

Accordingly, the Court will certify the pertinent facts regarding contempt and make a recommendation based on those facts and the pertinent law.

### IV.   CERTIFICATION OF FACTS

As required by 28 U.S.C. § 636(e)(6), the Court certifies the facts supporting a finding of contempt:

1. Plaintiffs issued subpoenas to Defendants to produce documents. (ECF Nos. 29-5,

4

29-6).

2. Defendants were properly served the subpoenas on March 8, 2024. (ECF No. 33-2, pp. 2-3; ECF No. 38, pp. 2-4).

3. Defendants failed to respond in any manner to the subpoenas. (ECF No. 29-2, pp. 2-3).

4. Plaintiffs moved for an order requiring Defendants to show cause why they should not be held in contempt for failing to comply with the subpoenas, which motion they have twice supplemented. (ECF Nos. 29, 33, 46).

5. On June 17, 2024, the Court ordered Defendants to appear before the undersigned on July 31, 2024, at 10:00 a.m. in Courtroom 10, 6th Floor, United States District Court, 2500 Tulare Street, Fresno, California, 93721, to show cause why they should not be held in contempt for their failure to comply with the subpoenas issued by Plaintiffs. (ECF No. 38).

6. The Court directed Plaintiffs to serve its June 17, 2024 order. (ECF No. 38).

7. Plaintiffs filed a certificate showing that they served the Court's June 17, 2024 order on Defendants by mailing it to them on June 27, 2024. (ECF No. 39).

8. Defendants did not appear at the July 31, 2024 show cause hearing, nor have they otherwise responded to Plaintiffs' motion. (ECF No. 41).

**V.     CONTEMPT**

Based on these facts, Plaintiffs have met their burden for a finding of civil contempt. Specifically, Plaintiffs have established by clear and convincing evidence that Defendants have failed to comply with specific and definite orders: (1) Plaintiffs' subpoenas, *see Moore*, 2015 WL 5732805, at *2 (noting that proper subpoenas issued by attorneys are treated as court orders); and (2) the Court's June 17, 2024 order requiring Defendants to appear before the Court on July 31, 2024 to show cause why they should not be held in contempt for failing to comply with the subpoenas. Importantly, Defendants have in no way responded to or objected to the subpoenas or Plaintiffs' motion.

As specified below, the Court will order Defendants to appear before the assigned district judge to show cause why they should not be adjudged in contempt and recommend that (1)

5

Plaintiffs be awarded $500 in attorney fees; (2) Defendants be ordered to produce the documents required by the subpoenas as a "purge" condition.

### A. Attorney Fees Request

The only sanction that Plaintiffs ask for is an award of $1,345 in attorney fees. This is based on Attorney Caroline Hill's 2.5 hours drafting the motion at a requested hourly rate of $538. (ECF No. 29-2, p. 3).

A court may award attorney fees as a contempt sanction under its inherent powers; however, "bad-faith conduct or willful disobedience of a court's orders" is generally required to award such fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). Because Defendants have disobeyed court orders and have improperly disrupted the litigation in this case by not complying with the subpoenas, the Court concludes that attorney fees are warranted. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (noting that bad-faith conduct includes delaying or disrupting litigation). However, the Court will recommend that the amount of attorney fees requested be reduced.

Plaintiffs rely on the lodestar method for determining reasonable attorney fees, which requires a reasonable number of hours expended on the motion to be multiplied by the reasonable hourly rate in the relevant community. (ECF No. 33, p. 6; ECF No. 46, pp. 4-5); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (discussing the lodestar method). The Court concludes that the 2.5 hours expended on the motion is reasonable.

However, Plaintiffs' requested $538 hourly rate is not reasonable for the relevant community. (ECF Nos. 31, 38). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Here, that is the Fresno Division of the Eastern District of California. *Beard v. Cnty. of Stanislaus*, No. 1:21-CV-00841-ADA-SAB, 2023 WL 199200, at *12 (E.D. Cal. Jan. 17, 2023) ("The lodestar amount is to be determined based upon the prevailing market rate in the relevant community, which in this matter is the Fresno Division of the Eastern District of California.") (internal citation omitted).

To justify Attorney Hill's requested $538 hourly rate as a fourth-year associate, Plaintiffs

6

rely almost exclusively on state court cases.[2] (ECF No. 33, p. 8; ECF No. 46, pp. 4-5). Plaintiffs cite one case in this district to establish that the request rate is reasonable, "*Cabardo et al v. Patacsil*, 2:12-cv-01705-TLN-KJN (E.D. Cal. 2022)," but they provide no docket number for the Court to locate the relevant order, nor do they specify what amount the court in that case approved. (ECF No. 46, p. 4). However, the Court believes that it has located the relevant order: *Cabardo v. Patacsil*, No. 2:12-CV-01705-TLN-KJN, 2022 WL 956951, at *4 (E.D. Cal. Mar. 30, 2022). But rather than help Plaintiffs' position, that case undermines it.

*Carbardo* approved rates of $248.01 for a junior associate, $305.35 for a mid-level associate, and $489.02 for a senior associate. *Id.* Based on Hill's four years as an associate, she would likely be considered a mid-level associate.

Likewise, courts in the Fresno Division have found a lesser award appropriate based on Attorney Hill's experience.

> In the Fresno Division of the Eastern District of California, across a variety of types of litigation generally, attorneys with experience of twenty or more years of experience are awarded $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to $350.00 per hour, attorneys with five to ten years of experience are awarded $225.00 to $300.00 per hour, and less than $200.00 per hour for attorneys with less than five years of experience.

*Beard v. Cnty. of Stanislaus*, No. 1:21-CV-00841-ADA-SAB, 2023 WL 199200, at *13 (E.D. Cal. Jan. 17, 2023) (collecting cases).

Based on this authority, the Court will recommend that Plaintiffs be awarded the full 2.5 hours of legal work requested, which the Court believes was reasonably expending on the motion, but at a reduced rate of $200 per hour, for a total of $500 in attorney fees.

### B. Purge Condition

As noted above, a civil contempt order must include a purge condition to provide Defendants the opportunity to comply with the order before the contempt sanction becomes due.

---

[2] Plaintiffs also briefly cite the *Laffey* Matrix in support of the attorney fee request, stating that it "adjusts the nation-wide Legal Services Component of the Consumer Price Index by the Bureau of Labor Statistics of the United States Department of Labor, essentially adjusting each year for inflation and market factors." (ECF No. 46, p. 5). However, "[t]he Eastern District has repeatedly declined to adopt the *Laffey* matrix, as it only surveys prevailing rates in the Washington, D.C. legal community and does not directly correlate to hourly rates for attorneys and paralegals in other parts of the country." *Cabardo v. Patacsil*, No. 2:12-CV-01705-TLN-KJN, 2022 WL 956951, at *3 (E.D. Cal. Mar. 30, 2022) (collecting cases). Rather than rely on the *Laffey* Matrix, the Court will review whether the rate requested is reasonable for the Fresno Division.

"Plaintiffs ask this Court to recommend the District Court order Defendants to comply with the subpoenas before they are sanctioned, so that Plaintiffs may obtain the requested documents, which are critical to proving Plaintiffs' claims." (ECF No. 46, p. 4). The Court concludes that this is an appropriate request, as it will serve as an incentive to Defendants to provide Plaintiffs with what they have sought all along—the requested documents—in order to purge themselves of their contempt.

## VI. CONCLUSION, ORDER, AND RECOMMENDATIONS

For the reasons discussed above, IT IS ORDERED as follows:

1. Plaintiffs' motion for a show cause order (ECF Nos. 29, 33, 46) is granted, in part, as specified below.

    a. Defendants 559 Ag. Corp.[3] and Defendant Artemio Fidel Salazar Luna are ordered to appear before District Judge Jennifer L. Thurston on October 28, 2024, at 1:30 p.m. in Courtroom 4, United States District Court, 2500 Tulare Street, Fresno, California, 93721 to show cause why they should not be held in contempt, and why the Court should not impose sanctions (including reasonable attorney fees), for their failure to comply with the subpoenas issued by Plaintiffs and failure to comply with the Court's prior order to appear at the July 31, 2024 hearing.

    b. Plaintiff are directed to serve this order, certification of facts, and findings and recommendations on Defendants by no later than September 26, 2024, and to file proof of service of this order by no later than October 3, 2024.

Further, IT IS RECOMMENDED as follows:

1. Plaintiffs' motion for a show cause order (ECF Nos. 29, 33, 46) be granted, in part, as specified below.

    a. If the District Judge adjudges Defendants to be in contempt of court following the show cause hearing, the District Judge include a purge condition in the contempt order, permitting Defendants to purge themselves of contempt by providing the documents requested in Plaintiffs' subpoenas within a timeframe set by the District Judge.

---

[3] Defendant 559 Ag. Corp shall appear through an appropriate representative of the company.

8

      b. If the District Judge determines that attorney fees should issue as an appropriate sanction, the District Judge award a total of $500 for the time spent on Plaintiffs' motion.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a litigant with standing may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __September 12, 2024__     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE