UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA ORTIZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LUCERO AG SERVICES, INC., et al.,<br><br>Defendants. | Case No. 1:23-cv-01319-JLT-EPG<br><br>FINDING AND RECOMMENDATIONS TO (1) STRIKE ANSWER OF DEFENDANT LUCERO AG SERVICES, INC.; (2) ENTER DEFAULT AGAINST THIS DEFENDANT; AND (3) GRANT PLAINTIFFS PERMISSION TO MOVE FOR DEFAULT JUDGMENT AGAINST THIS DEFENDANT<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO MAIL LUCERO DEFENDANTS |

As explained below, because Defendant Lucero Ag Services, Inc. is no longer represented by counsel, and has failed to comply with court orders and defend this case, the Court will recommend that its answer be stricken and that the Clerk of Court be directed to enter a default against it under Federal Rule of Civil Procedure 55(a). Further, the Court will recommend that Plaintiffs be permitted to move for default judgment against this Defendant.

**I.     BACKGROUND**

Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza filed this putative class action on September 5, 2023, mostly alleging violations of California state labor laws. (ECF No. 1). They amended their complaint on August 14, 2024. (ECF No. 45). Plaintiffs sue five named Defendants: (1) Lucero Ag Services, Inc.; (2) Paragroup Farms, Inc.; (3) Ricardo Ulices Lucero-

Ambrosio; (4) 559 Ag Corp., and (5) Artemio Fidel Salazar Luna.

The Lucero Defendants (Lucero Ag Services, Inc., and Ricardo Ulices Lucero-Ambrosio). filed an answer to the amended complaint and were represented by counsel for part of the case. (ECF No. 47). However, on November 15, 2024, the Court granted their counsel's motion to withdraw from the case. (ECF Nos. 49, 61). In the order granting counsel permission to withdraw, the Court instructed as follows: "Within 30 days from the entry of this order, Defendants Lucero Ag Services, Inc., and Ricardo Ulices Lucero-Ambrosio shall file a notice with the Court advising whether they intend to hire counsel, and if so, advising how long they need to do so." (ECF No. 61). Although this order was sent to the last known address of both Lucero Defendants, neither have responded to the order or filed anything else in this case. Notably, Plaintiffs filed a motion to compel discovery responses on January 31, 2025, and the Lucero Defendants did not respond to the motion or appear at the hearing. (ECF No. 66). Accordingly, by all appearances, the Lucero Defendants have decided not to participate in this case.

## II.     LEGAL STANDARDS

Because Lucero Ag Services, Inc. lacks counsel, it currently cannot appear in this case. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.").

In cases where a corporate defendant has failed to obtain counsel and defend the case, courts have used their inherent authority to strike the defendant's answer, direct the entry of a default under Federal Rule of Civil Procedure 55(a), and then permit the plaintiff to move for a default judgment. *See, e.g., Eagles Nest Outfitters, Inc. v. Taomore, Inc.*, No. 2:23-CV-00466-GW-(EX), 2024 WL 3008866, at *2 (C.D. Cal. Apr. 2, 2024) ("When a corporation fails to retain legal representation, entry of default is a permissible sanction for failure to comply with local rules requiring representation by counsel.") (citation and quotation marks omitted); *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017) ("Procedurally, courts have stricken the answers of corporate defendants who have failed to defend themselves, directed entry of default, and then allowed the plaintiff to move for default judgment."); *Galtieri-Carlson v. Victoria M. Morton Enterprises*, Inc., No. 2:08-CV-01777, 2010

WL 3386473, at *3 (E.D. Cal. Aug. 26, 2010) ("Courts have stricken the answers of defendants who have failed to defend themselves."). Likewise, Local Rule 110 permits sanctions for non-compliance with court orders: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." LR 110.

With this authority in mind, the Court will recommend that the answer of Defendant Lucero Ag Services, Inc. be stricken, that an entry of default be entered against it by the Clerk of Court, and that Plaintiffs be permitted to move for default judgment against it. Importantly, despite the Court giving this Defendant 30 days to file a notice as to whether it intends to hire counsel, Defendant has failed to comply with the Court's order, and it legally cannot proceed without counsel. Moreover, Defendant has provided no indication that it intends to defend this case, *e.g.*, it filed nothing in response to Plaintiffs' motion to compel and did not attend the hearing. And given that Defendant has chosen not to participate in this case, it should be treated as a non-party going forward. *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) (noting that "a defaulted defendant should be treated as a non-party").

### III.    ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to mail a copy of these findings and recommendations to both of the following addresses on the docket for both Defendants Lucero Ag Services, Inc., and Ricardo Ulices Lucero-Ambrosio: (1) 529 South D Street, Madera, CA 93638; and (2) 3573 Rocky Bottom Street, Madera, CA 93637. (*See* ECF No. 61).

Further, for the reasons given above, IT IS RECOMMENDED as follows:

1. The answer of Defendant Lucero Ag Services, Inc. be stricken. (ECF No. 47).
2. The Clerk of Court be directed to enter a default as to Defendant Lucero Ag Services, Inc. pursuant to Federal Rule of Civil Procedure 55(a).
3. Plaintiffs be given permission to move for default judgment against Defendant Lucero Ag Services, Inc.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within

3

fourteen (14) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Further, any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **March 24, 2025**          /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE