UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA ORTIZ, et al., | Case No. 1:23-cv-01319-JLT-EPG |
| Plaintiffs, | ORDER GRANTING, IN PART, MOTION TO COMPEL AND REQUEST FOR ATTORNEY FEES |
| v. | |
| LUCERO AG SERVICES, INC., et al., | (ECF No. 66) |
| Defendants. | |

## I.    INTRODUCTION

In this putative class action case, Plaintiffs seeks to compel the Lucero Defendants (Lucero Ag Services, Inc. and Ricardo Ulices Lucero-Ambrosio) to produce certain discovery. (ECF No. 66). The motion also contains a request for $5,111 in attorney fees.

For the reasons explained below, the Court will grant the motion to compel, in part. Specifically, it will order Ricardo Ulices Lucero-Ambrosio to respond to discovery and order him to pay $950 in attorney fees.

## II.    BACKGROUND

Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza filed this putative class action on September 5, 2023, mostly alleging violations of California state labor laws. (ECF No. 1). The complaint names five Defendants: (1) Lucero Ag Services, Inc.; (2) Paragroup Farms, Inc.; (3) Ricardo Ulices Lucero-Ambrosio; (4) 559 Ag Corp., and (5) Artemio Fidel Salazar Luna. Only the Lucero Defendants are at issue here.

1

The Lucero Defendants participated in the litigation early in this case; *e.g.*, they filed an answer to the amended complaint and were represented by counsel for some discovery. (ECF No. 47). However, on November 15, 2024, the Court granted their counsel's motion to withdraw from the case, based, in part, on their failure to communicate with counsel. (ECF Nos. 49, 61). In the order granting counsel permission to withdraw, the Court instructed as follows: "Within 30 days from the entry of this order, Defendants Lucero Ag Services, Inc., and Ricardo Ulices Lucero-Ambrosio shall file a notice with the Court advising whether they intend to hire counsel, and if so, advising how long they need to do so." (ECF No. 61). Although this order was sent to the last known addresses of both the Lucero Defendants, neither have responded to the order or filed anything else in this case.

Before their counsel withdrew, the Court held an informal discovery conference on June 10, 2024, regarding the parties' dispute as to the scope of class discovery. (ECF No. 36). The Court directed the parties to confer further, and permitted Plaintiffs to file a discovery motion if the parties could not resolve their dispute. (ECF No. 37).

Plaintiffs filed their motion to compel discovery responses on January 31, 2025, which concerns discovery related to class certification. (ECF No. 66). More specifically, "Plaintiffs move to compel: Request for Production Nos. 1-23, and 26," including information related to "timekeeping and payroll data for all putative class members, and the identities and contact information for same." (*Id.* at 2; ECF No. 66-1, p. 6). Plaintiffs also request $5,111 in attorney fees for filing the motion.

The Lucero Defendants did not respond to the motion or appear at the hearing. (ECF No. 76). Under Local Rule 230(c), the Court construes their failure to respond "as a non-opposition to the motion."

At the hearing, "the Court discussed some issues regarding the motion, including Lucero Ag Services, Inc. not having counsel and not being able to proceed without counsel, and granted Plaintiffs leave until May 16, 2025, to file a supplemental brief that addresses the issues or, alternatively, to request another form of relief." (ECF No. 77). After Plaintiffs failed to file anything, the Court extended the deadline to May 30, 2025, noting that it would address the motion to compel on the current record if nothing was filed. (ECF No. 83). Plaintiffs did not file

anything, and the motion to compel is now ripe.

Before the May 30 deadline, the Court issued findings and recommendations on March 24, 2025, that found Defendant Lucero Ag Services, Inc. in default. (ECF Nos. 78, 81). Specifically, noting that this Defendant, a corporation, required counsel to litigate this case, the Court concluded that its failure to obtain counsel, respond to court orders, and defend the case warranted a Clerk's entry of default and the striking of its answer. (ECF No. 78). The District Judge adopted the findings and recommendations after no objections on April 22, 2025, and the Clerk entered its default and struck its answer the same day. (ECF Nos. 81, 82).

### III.    ANALYSIS

#### A.  Motion to Compel

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Generally, "the moving party [must] inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Taylor v. O'Hanneson*, No. 1:11-CV-00538-LJO, 2014 WL 2696585, at *2 (E.D. Cal. June 13, 2014) "Broad discretion is vested in the trial court to permit or deny discovery. . . ." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

Plaintiffs' motion to compel states that the Lucero Defendants were served with requests for production on February 16, 2024, including information related "to native electronic timekeeping, payroll, and class contact information." (ECF No. 66-1, p. 7). While Defendant ultimately provided some responses after the parties informally conferred, it failed to provide all the information requested:

> Counsel for the Lucero Defendants agreed to produce payroll and timekeeping documents *only* for employees who worked for Lucero Ag Services, Inc. and worked on Paragroup Farm, subject to the Belaire-West notice process. Hill Decl., ¶ 10. As Plaintiffs are entitled to and requested production pertaining to a class of non-exempt employees who worked for Lucero Ag Services, Inc. for four years prior to the filing of Plaintiffs' complaint, the Parties are at an impasse as to the scope of discovery. Hill Decl., ¶ 10. Counsel for the Lucero Defendants also refused to provide any documents in response to RFP #22, 23, and 26, pertaining to information regarding other client employers, who Plaintiffs contend are potential witnesses, potential defendants, or a class list in response to RFP #17. Hill Decl., ¶ 10. Plaintiffs are entitled to all of this information. Hill Decl., ¶ 10.

(*Id.* at 8-9).

Upon review of the motion to compel, the Court will grant it as to Defendant Ricardo Ulices Lucero-Ambrosio. Notably, this Defendant has filed no opposition to the motion, and based on Plaintiffs' representations, has failed to provide responses to requests for production that appear relevant to precertification discovery.

However, as to Defendant Lucero Ag Services, Inc., the Court will deny the motion to compel. Importantly, since the filing of this motion, the Clerk of Court has entered a default against this Defendant and struck its answer. (ECF Nos. 81, 82). For purposes of a discovery-related motion, while the Ninth Circuit has noted that "[t]he rules do not indicate into which category a defaulted defendant falls" it has reasoned "that a defaulted defendant should be treated as a non-party." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010). And under the Federal Rules of Civil Procedure, the proper mechanism to obtain information from a non-party would be via a subpoena under Rule 45. *See Jennings v. Moreland*, No. 2:08-CV-01305 LKK, 2012 WL 4469079, at *2 (E.D. Cal. Sept. 27, 2012) ("A motion to compel is the remedy under the Federal Rules of Civil Procedure to compel a party's compliance with a discovery request; it is not the procedure to address a non-party's alleged refusal to comply with a subpoena duces tecum and a subsequent court order to do so.").

4

**B. Attorney Fees**

Under Federal Rule of Civil Procedure 37, a party may seek an award of reasonable attorney fees in connection with a motion to compel.[1]

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed --the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The Court will grant the motion for attorney fees as to Defendant Ricardo Ulices Lucero-Ambrosio. Notably, the Court has granted the motion to compel as to this Defendant. He had the opportunity to oppose the motion and attend the hearing but failed to do so. Plaintiffs attempted to confer in good faith to obtain the discovery before filing the motion. And this Defendant has offered no justification for the failure to provide discovery and there appears to be no circumstances making an award unjust.

However, the Court must determine what the "reasonable expenses incurred in making the motion" are. Plaintiffs' request for $5,111 in attorney fees is supported by the declaration of their former counsel, Caroline Hill. [2]

> I have spent 9.5 hours reviewing discovery, meeting and conferring with opposing counsel, and preparing to draft and drafting Plaintiff's Motion to Compel Discovery Responses. My current billing rate as a fourth-year associate is $538.00 per hour for a total of $5,111.00 in attorneys' fees and costs incurred to bring this Motion.

(ECF No. 66-2, p. 4).

---

[1] The Court concludes that this is a non-dispositive matter to be addressed via an order. *Puckett v. Cnty. of Sacramento*, No. 2:22-CV-0350 KJM DB, 2024 WL 1444567, at *3 (E.D. Cal. Apr. 3, 2024) (noting that Magistrate Judges have the authority to enter non-dispositive discovery orders, including those relating to reasonable expenses and attorney's fees); *Ewing v. K2 Prop. Dev., LLC*, No. 16CV0678-LAB (AGS), 2018 WL 4846649, at *1 (S.D. Cal. Oct. 4, 2018) ("Monetary sanctions, including those ordered under Rule 37, are not dispositive.").

[2] Attorney Hill was terminated as counsel for Plaintiffs on the docket on March 20, 2025. (ECF No. 75).

Generally, reasonable attorney fees are calculated using the lodestar method, which is the total of a reasonable hourly rate multiplied by a reasonable number of hours expended, with the resulting lodestar amount being presumptively reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining lodestar method). As for the hourly rate, Attorney Hill provides no basis to support it, and the Court has previously determined in this case that she was entitled to $200 per hour based on the rate in the Fresno community. (ECF No. 48, pp. 6-7). Thus, the Court will continue to apply this same hourly rate here.

As for the hours worked, Attorney Hill fails to itemize how the 9.5 hours were spent. And importantly, the Court sees no reason to award tasks like reviewing discovery or conferring with opposing counsel (presumably about discovery), which are tasks that are not usually directly related to a motion to compel itself, and which counsel would be expected to do regardless in cases where no motion to compel was filed. Thus, the Court believes it fitting to cut the requested hours in half to 4.75 to eliminate time not sufficiently related to the motion to compel filing.

Accordingly, the Court finds the appropriate lodestar award to be $950 ($200 per hour x 4.75 hours), and will grant the request for attorney fees in part.

## IV.    CONCLUSIONS AND ORDER

For the reasons discussed above, IT IS ORDERED as follows:

1. Plaintiffs' motion to compel and request for attorney fees (ECF No. 66) is granted, in part, as specified below.

     a.  Defendant Ricardo Ulices Lucero-Ambrosio is ordered to provide further responses to Requests for Production Nos. 1-23, and 26 within 45 days of the entry of this order.

     b.  Plaintiffs are awarded $950 in attorney fees from only Defendant Ricardo Ulices Lucero-Ambrosio.

\\\
\\\
\\\
\\\
\\\

2.  The Clerk of Court shall serve a copy of this order on Ricardo Ulices Lucero-Ambrosio at both of the following addresses: (1) 529 South D Street, Madera, CA 93638; and (2) 3573 Rocky Bottom Street, Madera, CA 93637.

IT IS SO ORDERED.

Dated:  __June 3, 2025__            /s/ *Eric P. Groj*
                                        UNITED STATES MAGISTRATE JUDGE

7