UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA ORTIZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LUCERO AG SERVICES, INC., et al.,<br><br>    Defendants. | Case No.  1:23-cv-01319-JLT-EPG<br><br>ORDER DIRECTING SERVICE OF THESE FINDINGS AND RECOMMENDATIONS<br><br>FINDING AND RECOMMENDATIONS TO (1) GRANT PLAINTIFFS' MOTION FOR SANCTIONS, IN PART; (2) STRIKE ANSWER OF DEFENDANT RICARDO ULICES LUCERO-AMBROSIO; (3) ENTER DEFAULT AGAINST THIS DEFENDANT; (4) GRANT PLAINTIFFS PERMISSION TO MOVE FOR DEFAULT JUDGMENT AGAINST THIS DEFENDANT; AND (5) AWARD PLAINTIFFS $1,597.50 IN ATTORNEY'S FEES<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

    This matter is before the Court on Plaintiffs' motion requesting sanctions because of Defendant Ricardo Ulices Lucero-Ambrosio's (also referred to as Defendant Lucero) failure to comply with the Court's June 23, 2025 order requiring him to produce discovery. (ECF No. 89, *see* ECF No. 84).

    As explained below, the Court will recommend that the motion be granted, in part. Specifically, the Court will recommend that (1) Defendant Lucero's answer be stricken; (2) the Clerk of Court be directed to enter a default against Defendant Lucero; (3) Plaintiffs be granted permission to move for default judgment against Defendant Lucero; and (4) Plaintiffs be awarded

1

$1,597.50 in attorney's fees.[1]

## I. BACKGROUND

Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza filed this putative class action on September 5, 2023, alleging violations of California state labor laws. (ECF No. 1). They amended their complaint on August 14, 2024. (ECF No. 45). Plaintiffs sue five named Defendants: (1) Lucero Ag Services, Inc.; (2) Paragroup Farms, Inc.; (3) Ricardo Ulices Lucero-Ambrosio; (4) 559 Ag Corp., and (5) Artemio Fidel Salazar Luna.

Individual Defendant Lucero "is an owner, director, officer, or managing agent of Defendant [Lucero Ag Services, Inc.]." (*Id.* at 7). As further discussed below, the Court has already found Lucero Ag Services, Inc. to be in default.

The Lucero Defendants (collectively Lucero Ag Services, Inc., and Ricardo Ulices Lucero-Ambrosio) filed an answer to the amended complaint and were represented by counsel for part of the case. (ECF No. 47). However, on November 15, 2024, the Court granted their counsel's motion to withdraw from the case. (ECF Nos. 49, 61).

After counsel for the Lucero Defendants had withdrawn, Plaintiffs filed a motion to compel discovery responses from them on January 31, 2025. Neither of the Lucero Defendants opposed the motion or appeared at the hearing. (ECF No. 66).

On March 24, 2025, because Lucero Ag Services, Inc., as a corporation, could not proceed without counsel, the Court *sua sponte* recommended that its answer be stricken, a default be entered against it, and Plaintiffs be granted permission to move for default judgment against it. (ECF No. 78). On April 22, 2025, the assigned District Judge adopted the recommendations to strike the answer of Lucero Ag Services, Inc. and entered its default. (ECF No. 81). The Court did not recommend the entry of default as to the individual Defendant Lucero at that time because he would be able to appear *pro se* in an individual capacity without counsel.

On June 3, 2025, the Court granted Plaintiffs' motion to compel responses to requests for production of documents as to individual Defendant Lucero, and ordered Defendant Lucero to provide the discovery responses within forty-five days and also pay $950 in attorney's fees. (ECF

---

[1] The assigned District Judge referred the motion to the undersigned. (ECF No. 101).

2

No. 84). This order was served on Defendant Lucero. (*See* June 3, 2025 docket entry regarding service of the order).

On September 9, 2025, Plaintiffs filed their motion for sanctions, representing that Defendant Lucero failed to comply with the Court's June 3, 2025 order. (ECF No. 89). Plaintiffs ask that the Court strike Defendant Lucero's answer and enter his default, as well as order him to pay their attorney's fees incurred by having to file this motion.[2] The motion for sanctions included a certificate of service on Defendant Lucero. (ECF No. 89-4, p. 2).

Defendants Lucero did not respond to the motion.

The Court held a hearing on the motion on October 21, 2025. Defendant Lucero failed to appear at the hearing. (ECF No. 102).

Notably, Defendant Lucero has not appeared, or otherwise participated in this case, since his counsel withdrew in November 2024, nearly one year ago.

Accordingly, the motion for sanctions is ripe for decision.

## II. ANALYSIS

### A. Striking Answer and Entry of Default

Plaintiffs rely on Federal Rule of Civil Procedure 37 in support of their request to strike Defendant Lucero's answer and enter his default. Relevant here, Rule 37 provides as follows:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (iii) striking pleadings in whole or in part; [and]
>
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Importantly, this Rule "sets forth a non-exhaustive list of sanctions that may be imposed against a party who fails to obey a discovery order." *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12CV2884-BAS JLB, 2014 WL 3014372, at *2 (S.D. Cal. July 3, 2014). Pursuant to this rule, courts have stricken answers and entered default against Defendants. *See George v. Kasaine*, No. CV 14-02863-AB (MRWx), 2015 WL 12850542, at *4 (C.D. Cal. Feb. 23, 2015) (discussing

---

[2] As explained below, the motion requests other sanctions that the Court will recommend be denied.

Rule 37(b)(2)(A), striking answer, directing Clerk of Court to enter a default against the Defendant, and permitting plaintiff to apply for a default judgment).

Where potentially case dispositive sanctions under Rule 37(b)(2) are at issue—including "striking a pleading," the Court considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (citation omitted); *see also Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) ("We have constructed a five-part test . . .to determine whether a case-dispositive sanction under Rule 37(b)(2) is just[.]").

The first factor—the public's interest in expeditious resolution of litigation—weighs in favor of the requested sanctions. Plaintiffs "served their document requests on February 16, 2024, nearly one and a half years ago" and are still waiting for the production of responsive documents from Defendant Lucero, despite the Court granting Plaintiffs' motion to compel in June and ordering the discovery to be produced within forty-five days. (ECF No. 89, p. 11); *see George*, 2015 WL 12850542, at *2 (concluding this factor was met where the defendant had not provided discovery for over five months, thus delaying the case). Given these circumstances, the record indicates that Defendant Lucero's failure to produce discovery is willful or the product of bad faith and hampering the public's interest in the expeditious resolution of this case.

Similarly, the second factor—the Court's need to manage its docket—also weighs in favor of sanctions. Defendant Lucero's failure to respond to discovery has impeded the resolution of this case and caused the Court to focus its scarce resources on discovery issues—all stemming from Defendant Lucero's non-compliance—rather than focusing on the merits of this case. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994), *as amended* (July 25, 1994) (concluding this factor was met where parties' procrastination related to discovery prevented the case from progressing).

The third factor—the risk of prejudice to the other party—also weighs in favor of sanctions. On this issue, Plaintiffs state as follows:

> Despite the Court's intervention, Lucero-Ambrosio continues to fail to participate in any way in this litigation since the withdrawal of his attorney in November

4

2024, including by withholding critical documents necessary for Plaintiffs to complete pre-certification discovery and ultimately proceed with class certification. Plaintiffs have met and conferred with the remaining corporate defendant, Paragroup Farms, Inc., but are constrained in their ability to effectively proceed with discovery from Paragroup absent information from Lucero-Ambrosio.

(ECF No. 89, p. 9).

In short, Defendant Lucero's failure to produce discovery has not only hampered Plaintiffs' prosecution of their claims against him, but the case as a whole. If the Court were not to grant any sanction against Defendant Lucero, Plaintiffs would effectively be denied relief. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (concluding that "[f]ailing to produce documents as ordered is considered sufficient prejudice").

The fourth factor—the public policy favoring the disposition of cases on their merits—also weighs in favor of sanctions. As Plaintiffs note "[t]he requested document[s] are relevant to [their] claims, and necessary for them to prosecute their case on a class-wide basis, and include, but are not limited to, timekeeping, payroll, and class contact information." (ECF No. 89, p. 8). Defendant Lucero's failure to provide responses to discovery has hindered the resolution of this case on the merits. While the Ninth Circuit has "often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal," it has noted that, "[a]t the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. Here, because Defendant Lucero's own conduct is preventing a disposition on the merits, this factor weighs against him.

Lastly, the fifth and final factor—the availability of less drastic sanctions—also weighs in favor of the requested sanctions. Here, given Defendant Lucero's prolonged failure to provide discovery, even despite a court order directing him to do so, and his failure to otherwise participate in this case since his counsel withdrew from representation, the Court sees no other reasonable alternative other than to strike his answer and issue a default.

In conclusion, all the relevant factors lead the Court to recommend that Plaintiffs' requested sanctions—striking Defendant Lucero's answer and entering his default—are

5

warranted.³

**B. Attorney's Fees**

Lastly, Plaintiffs seek an award of $4,125 in attorney's fees in connection with bringing this motion. (ECF No. 89, p. 17; ECF No. 89-1, p. 2).

Under Federal Rule of Civil Procedure 37, a court may award a properly supported request for reasonable attorney's fees in connection with a party's failure to obey a discovery order.

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C); *see United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980) ("Rule 37(b) of the Federal Rules of Civil Procedure provides a wide range of sanctions for a party's failure to comply with court discovery orders," which include "requir[ing] the delinquent party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by the innocent party as a result of the failure to obey the order . . . .").

The Court also recommends granting Plaintiff's request for attorney's fees, in part, as to Defendant Lucero. The Court issued an order explicitly requiring him to produce discovery, he has failed to do so, and there are no indications that his failure was substantially justified or other circumstances make an award of expenses unjust.

However, the Court must determine what the "reasonable expenses" are here. Plaintiffs' request for $4,125 in attorney's fees is supported by the declaration of their counsel, Cristina Mathews.

> I have spent 7.1 hours preparing to draft and drafting Plaintiffs' instant Motion for Sanctions and this Declaration in support thereof. Contemporaneous time notes are filed concurrently as Exhibit 1 to this Declaration. My current billing rate as a fifth-year associate is $581 per hour, for a total of $4,125 in attorneys' fees incurred to bring this Motion.

(ECF No. 89-1, p. 2). As noted in the declaration, a timesheet is included, which documents such

---

³ Because the Court is recommending these sanctions (and Plaintiffs will be able to move for a default judgment) it need not address Plaintiffs' other requested sanctions (aside from attorney's fees)—including preventing Defendant Lucero from introducing evidence—as these sanctions would be inconsistent with a default. At the hearing, Plaintiffs' counsel stated that she had no objection to the Court declining to award additional sanctions if Defendant Lucero's answer were struck and his default were entered.

tasks as reviewing the file, drafting the motion, and revising the motion.

Generally, reasonable attorney's fees are calculated using the lodestar method, which is the total of a reasonable hourly rate multiplied by a reasonable number of hours expended, with the resulting lodestar amount being presumptively reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining lodestar method). As for the hourly rate, the Court has previously determined in this case that attorneys with five to ten years' experience are awarded $225 to 300 per hour based on the rate in the Fresno community. (ECF No. 48, p. 7). Based on this authority, the Court concludes that Attorney Mathews, who stated at the hearing that she had about five-and-a-half years of experience as an attorney, is entitled to $225 per hour.

As for the hours worked, the Court concludes that the 7.1 hours claimed all appear related to the drafting of this motion. Accordingly, the Court finds the appropriate lodestar award to be $1,597.50 ($225 per hour x 7.1 hours) and will recommend that this amount be awarded.

### III.     ORDER, CONCLUSION, AND RECOMMENDATIONS

IT IS ORDERED that the Clerk of Court shall serve a copy of this order on Ricardo Ulices Lucero-Ambrosio at both of the following addresses: (1) 529 South D Street, Madera, CA 93638; and (2) 3573 Rocky Bottom Street, Madera, CA 93637.

Further, for the reasons given above, IT IS RECOMMENDED as follows:

1. Plaintiffs' motion for sanctions be granted, in part, as specified below. (ECF No. 89).
    a. The answer of Defendant Ricardo Ulices Lucero-Ambrosio be stricken. (ECF No. 47).
    b. The Clerk of Court be directed to enter a default as to Defendant Ricardo Ulices Lucero-Ambrosio and administratively terminate him as an active defendant on the docket.[4]
    c. Plaintiffs be given permission to move for default judgment against Defendant Ricardo Ulices Lucero-Ambrosio.
    d. Defendant Ricardo Ulices Lucero-Ambrosio be ordered to pay $1,597.50 in attorney's fees in addition to the $950 in attorney's fees that he was previously

---

[4] *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) (noting that "a defaulted defendant should be treated as a non-party").