UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA ORTIZ, et al., | Case No. 1:23-cv-01319-JLT-EPG |
| Plaintiffs, | ORDER DIRECTING CLERK OF COURT TO REVISE DOCKET |
| v. | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFFS' AMENDED REQUEST TO DISMISS PLAINTIFF GUSTAVO MEZA WITHOUT PREJUDICE BE GRANTED |
| LUCERO AG SERVICES, INC., et al., | |
| Defendants. | |
| | (ECF No. 117) |
| | OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

**I.    BACKGROUND**

Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza filed this putative class action on September 5, 2023, mostly alleging violations of California state labor laws. (ECF No. 1). Thereafter, they filed an amended complaint with the same named Plaintiffs. (ECF No. 45).

Now before the Court is Plaintiffs' May 4, 2026 amended request[1] to dismiss, without prejudice, Gustavo Meza as a plaintiff:

> Plaintiff Gustavo Meza ("Meza") requests to be dismissed from this action as a named plaintiff without prejudice pursuant to Federal Rule of Civil Procedure 21, which permits the Court to "on just terms, add or drop a party" at any time. Fed. R. Civ. P. 21.

---

[1] Plaintiffs filed an initial request on April 29, 2026. (ECF No. 115). The Court will direct the Clerk of Court to terminate that filing as pending on the docket and to mark their amended request as pending.

1

Good cause exists to grant this request. No class has been certified and no motion to certify a class is pending. The putative classes will continue to be represented by Plaintiffs Azucena Ortiz and Dominga Espinoza, who bring the same claims. Dismissing Plaintiff Gustavo Meza has made no agreement related to dismissal of his claims, and has received no consideration for dismissal of his claims.

(ECF No. 117, p. 2).

No defendant filed an opposition to the amended request despite being given until May 11, 2026, to do so. (ECF No. 118); *see* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a nonopposition to the motion.").

For the reasons given below, the Court will recommend that the amended request be granted.

## II.    LEGAL STANDARDS

As one court has noted, courts are divided as to which Federal Rule of Civil Procedure governs dismissal in these circumstances:

It is unclear whether Rule 21 or Rule 41(a)(2) apply in circumstances where one of multiple plaintiffs seeks to dismiss all their claims in an action. District courts in this Circuit have applied different standards. *Compare In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1157 (C.D. Cal. 2019) (granting withdrawal of a named plaintiff under Rule 21) *with Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 473270, at *2 (S.D. Cal. Feb. 5, 2015) (granting a motion to dismiss individual claims under Rule 41(a)(2) filed by a named plaintiff in a putative class action). And the Ninth Circuit has not directly addressed this issue. *See Pedrina v. Chun*, 987 F.2d 608, 610 n.2 (9th Cir. 1993) (noting that at least one "principal treatise[ ] on civil procedure" endorsed the view that Rule 41 permits dismissal "whether it is fewer than all the defendants against whom a dismissal is sought to be taken, or fewer than all the plaintiffs who seek to withdraw from the action.").

As a practical matter here, however, "[t]he same standard applies whether Rule 21 or Rule 41(a)(2) is the appropriate procedural basis for this motion." *Atwood v. Pac. Mar. Ass'n*, 432 F. Supp. 491, 495 (D. Or. 1977), *aff'd*, 657 F.2d 1055 (9th Cir. 1981). *See Sable Commc'ns of California Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 191 (9th Cir. 1989) ("[P]rejudice to the non-moving party will defeat a Rule 21 motion."); *Heilman v. Cook*, No. 14-CV-1412 JLS (MDD), 2017 WL 727672, at *2 (S.D. Cal. Feb. 24, 2017) ("The test of whether additions or subtractions of parties should be allowed under Rule 21 ... is whether such action will prejudice the non-moving party, and whether it will serve to avoid multiplicity of suits.").

*Craig v. Am. Tuna, Inc.*, No. 22-CV-00473-RSH-MSB, 2023 WL 4336709, at *1 n.3 (S.D. Cal. June 20, 2023).

Consistent with this discussion, the Court concludes that, regardless of the most applicable

Rule, the same standards apply, and the Court will consider, "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Id.* at *1 (citation omitted).

## III.    ANALYSIS

The Court concludes that dismissal should be granted. As Plaintiffs note, the class has not been certified, Plaintiffs have not yet filed a motion to certify a class, the other Plaintiffs will continue to represent the putative class in this case, and the dismissal of Meza is being made without any agreement related to the dismissal of his claims. Thus, the Court sees no reason why the dismissal of Meza, without prejudice, would harm the named Plaintiffs or putative class members or otherwise interfere with this litigation.

Further, despite being given the opportunity to respond, no Defendant has done so, and thus there is no indication that any Defendant might be prejudiced by Meza's dismissal.[2] *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.") (footnote omitted).

Lastly, the Court does now recommend that any additional terms or conditions should be imposed other than dismissal of Meza without prejudice.

## IV.    CONCLUSION, ORDER, AND RECOMMENDATIONS

Based on the foregoing, IT IS ORDERED that the Clerk of Court shall revise the docket to terminate Plaintiffs' initial request (ECF No. 115) as pending and to mark Plaintiffs' amended request (ECF No. 117) as pending.

And IT IS RECOMMENDED as follows:

1. Plaintiffs' amended request to dismiss Plaintiff Gustavo Meza be granted. (ECF No. 117).

2. The Clerk of Court be directed to terminate Gustavo Meza as a plaintiff on the docket.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

---

[2] The Court notes that there are no counterclaims against Meza in this case.

fourteen (14) days after service of the Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 12, 2026**                    /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE